NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3026-13T4
               A-5460-13T4

STATE OF NEW JERSEY,

       Plaintiff,

   v.

TALADEEN ROSS, DWAYNE JOHNSON,
KENNETH ROBINSON, PEDRO VICKERS,
PAUL STATEN, CHAD BUTLER, JR.,
JAMIL ANTHONY, JAAMIR HILL,
SIDNEY WILLIAMS, TEREAK BUTLER,
SHARNA ROSS, MAURICE FIELDS,
JASHIRE REID, ZAIRE
FRANKLIN-SHERMAN, NADRELL
MCMILLAN, QUAADIR HAGOOD, JAMAR
HILL, DESIRE ROBINSON, DEVIN
GARDNER, DARNELL RICKETTS, DYLAN
FREER, SHANIQUA DOYLE, APRIL
THOMPSON, DARRELL MORRISON and
TANEJA OLIVER,

       Defendants-Respondents.

| APPROVED FOR PUBLICATION |
| :---: |
| **June 10, 2015** |
| **APPELLATE DIVISION** |

_____

Submitted May 19, 2015 — Decided June 10, 2015

Before Judges Fisher, Accurso and Manahan.

On appeal from the Superior Court of New
Jersey, Law Division, Middlesex County,
Indictment No. 13-06-870.

Thomas G. Kelso, Middlesex County Counsel,
attorney for appellants The Middlesex County
Adult Correction Center and County of
Middlesex (Benjamin D. Leibowitz, Senior
Deputy County Counsel, on the briefs).

Joseph E. Krakora, Public Defender, attorney for respondent Public Defender (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

Yonta Law, attorneys for respondent Maurice Fields; Jack Venturi & Associates, attorneys for respondent Taladeen Ross; Abdelhadi & Associates, attorneys for respondent Sharna Ross; Law Offices of William M. Fetky, attorneys for respondent Chad Butler; Anderl & Oakley, attorneys for respondent Zaire Franklin-Sherman; Kenneth Goodman, attorney for respondent Paul Staten; Kelly Anderson Smith, attorney for respondent Quaadir Hagood; Rodger J. Wolf, attorney for respondent Jamar Hill; Michael A. Priarone, attorney for respondent Nadrell McMillan; David R. Meiswinkle, attorney for respondent Jamil Anthony; Michael R. Napolitano, attorney for respondent Jaamir Hill; and Raymond P. Morasse, attorney for respondent Pedro Vickers, join in the brief of respondent Public Defender.

The opinion of the court was delivered by

FISHER, P.J.A.D.

During the pretrial stage of this criminal prosecution, the trial judge entered orders directing the County of Middlesex to provide the means by which incarcerated defendants could accept, access and examine electronic discovery. Although we share the County's misgivings about the manner in which these orders were imposed, we also agree with the Public Defender that the issues have been rendered moot because the County has complied with the orders in question.

We briefly outline the case's procedural history. Indictment No. 13-06-870, which was handed up by the grand jury on June 25, 2013, charged twenty-five defendants in seventy-nine counts. At the time the orders in question were entered, many of the defendants were residing in the Middlesex County Adult Correction Center (MCACC). A description of the alleged offenses is not required.

On November 13, 2013, the Public Defender filed a motion to compel the MCACC to permit defendants access to voluminous discovery through electronic means. The motion was served on MCACC's warden, county counsel, an assistant county prosecutor, and the Commissioner of the New Jersey Department of Corrections. The motion was later amended to clarify that the Public Defender also sought an order that would require the MCACC: to permit the incarcerated defendants to accept electronic discovery from their counsel; to provide the incarcerated defendants with "individual personal access to a computer or other electronic device" that would allow access to electronic discovery "in an appropriate[] confidential setting"; to permit defendants "to view their electronic discovery outside the presence of defense counsel"; and to bear the expense of providing electronic equipment and access for viewing discovery. The County opposed the motion and cross-moved for an order

directing that the Public Defender pay for and purchase the necessary hardware, software and related items if the Public Defender's motion were to be granted.

The trial judge granted the Public Defender's motion for reasons set forth in a written opinion. In his March 7, 2014 order, the judge compelled the MCACC to permit defendants access to electronic discovery and directed the MCACC to submit a proposal for providing access; the order contained no specific reference to the County's cross-motion to compel the Public Defender to bear the cost. On March 17, 2014, after unsuccessfully objecting to the judge's omission of a specific ruling on the cross-motion, the County filed a notice of appeal. Out of concern that the March 7 order may not have been a final order, the County later moved for leave to appeal, which we granted on May 14, 2014.

Notwithstanding the pending appeal, which divested the trial court of jurisdiction to do anything other than enforce the order, see R. 2:9-1(a), the judge conducted further proceedings regarding the Public Defender's motion. And, despite objecting to the procedures and despite being denied a stay in the trial court, the County never sought our intervention; instead, the County complied with the March 7 order by submitting the required proposal.

The judge conducted a case management conference on June 6, 2014, during which arrangements for an evidentiary hearing regarding the County's proposal were discussed. At that time the judge entered another order, this time directing the County to "purchase and deliver to each defendant an electronic device formatted in accordance with the defendants' needs for viewing all necessary discovery and the reasonable security concerns of the jail, and [to] permit the defendants the reasonable opportunity to begin viewing their electronic discovery." The County moved for leave to appeal the June 6 order; we granted that motion as well.[1]

The County urges a number of procedural problems in challenging the validity of the orders under review. The County is, in fact, correct in a number of respects. First, the proceedings in question, which were instituted by the filing of a motion in this criminal matter, clearly sought relief of a civil nature against the County and others who were, quite obviously, not parties to the criminal proceeding over which the judge presided. Although the nature of the criminal action authorized the judge to enter appropriate discovery orders binding on the State and on the defendants, the judge erroneously reached beyond the parameters of the case by

---

[1]The two appeals were later consolidated.

ordering the County — a non-party — to provide equipment by which discovery could be received and read by defendants. The judge should have dismissed the motion and relegated the Public Defender to filing a separate civil complaint naming the appropriate entities or individuals as defendants; by choosing the unfortunate path taken here, the trial court never obtained in personam jurisdiction over the County or any of the other parties from whom relief was sought. See R. 4:4-4(a). In short, the motion filed by the Public Defender in this action could not (and did not) "summon" the County to appear in the manner required by Rule 4:4-4 and the constitutional principles upon which the Rule rests.[2]

We are also troubled by the fact that the trial judge continued to engage in proceedings regarding this discovery issue after the County filed its notice of appeal on March 17, 2014. At that moment, the trial court was deprived of

_____

[2]This is the main fallacy in the proceedings undertaken by the trial judge, and not the fact — urged by the County — that the judge was assigned to the criminal part and, therefore, could not hear what should either have been a civil or chancery matter. The Chief Justice's General Assignment Order declares that all trial judges are "temporarily assigned" to all other trial divisions. Accordingly, the fact that this judge was assigned to the criminal part was no impediment to his hearing a civil or chancery case; indeed, if the Public Defender had sought relief by separate suit, the efficient administration of justice might well have suggested the assignment of that suit to this criminal judge since he was most familiar with its substance.

jurisdiction — with the limited exception of retaining the power to enforce its orders — absent our leave. See Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 376 (1995). This is so even when a notice of appeal is filed precipitously; until an appeal is dismissed or until this court authorizes a limited remand during the pendency of the appeal, the trial judge remains powerless to grant additional relief. See Shimm v. Toys from the Attic, Inc., 375 N.J. Super. 300, 304 (App. Div. 2005); see also Waste Mgmt. of N.J., Inc. v. Morris Cnty. Mun. Utils. Auth., 433 N.J. Super. 445, 450 (App. Div. 2013). In other words, it is for the appellate court, not the trial court, to determine whether an appeal has been properly lodged and, until receiving direction from the appellate court, the trial court must stay its hand. It is also clear that the later order was not entered for the purpose of enforcing the earlier order under review. The earlier order compelled the County's production of a plan; the later order went far afield in granting additional relief and was, therefore, void upon entry.

Notwithstanding our consternation about these procedural flaws, we nevertheless find the appeal is moot. Rather than seek a stay from this court, the County chose to comply with the judge's orders by purchasing the electronic equipment and permitting discovery to be exchanged through that equipment.

There is now no ruling we can make or remedy we can impose that would have any impact on the trial court proceedings. Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006). The equipment was obtained and provided by the County and presumably utilized by defendants. Whether we believe that was a correct or incorrect determination will have no practical bearing on these parties. N.J. Div. of Youth & Family Servs. v. A.P., 408 N.J. Super. 252, 261 (App. Div. 2009). Accordingly, the consolidated appeals will be dismissed.

We would add one further comment so there is no confusion about the future impact of the trial court orders. The judge's decision appears to place, in the first instance, the financial burden for the necessary equipment on the County, but we discern from the record that the judge did not necessarily resolve the dispute between the County and the Public Defender as to the ultimate burden for these costs. There is no order that denies the County's cross-motion for reimbursement from the Public Defender; as a result, the issue went undecided for purposes of appellate review. See Hughes v. Eisner, 8 N.J. 228, 229 (1951) (observing that "[a]ppeals are taken from judgments and not from opinions" and, therefore, a reviewing court will not consider an appellant's "dissatisfaction" with a lower court's opinion). Moreover, even if we viewed the decision as sufficient to

trigger appellate review and even if that decision could be interpreted as resolving the question of interest, we agree with the County that the flawed framework upon which this matter has proceeded has precluded a full and fair exposition of the issues and the parties' arguments. We consequently conclude that the County's claim for indemnification from the Public Defender may be pursued in a subsequent civil action unaffected by any issue or claim preclusion defense the Public Defender or anyone else may assert.

The consolidated appeals are dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION