# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5178-15T1

STATE OF NEW JERSEY IN THE
INTEREST OF R.B., A JUVENILE.

_____

Submitted June 19, 2017 — Decided July 6, 2017

Before Judges Fisher and Fasciale.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FJ-15-531-16.

Joseph E. Krakora, Public Defender, attorney for appellant R.B. (Ruth E. Hunter, Designated Counsel, on the brief).

Joseph D. Coronato, Ocean County Prosecutor, attorney for respondent State of New Jersey (Samuel Marzarella, Supervising Assistant Prosecutor, of counsel; William Kyle Meighan, Assistant Prosecutor, on the brief).

PER CURIAM

R.B., a juvenile,[1] was charged with three counts of juvenile delinquency which, if committed by an adult, would constitute first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1),

_____

[1] At the time of the conduct in question, R.B. was fifteen and his female victim was six years old.

second-degree sexual assault, N.J.S.A. 2C:14-2(b), and third-degree child endangerment, N.J.S.A. 2C:24-4(a). The juvenile agreed to plead guilty to the second charge in exchange for both the dismissal of the other charges and the State's agreement to recommend a three-year probationary period. The juvenile agreed to other conditions, including the preparation of a predisposition report and his submission to a sex offender evaluation.

Following its preparation, defense counsel provided to the prosecutor and the probation department a redacted copy of a psychosexual evaluation. The State, however, requested turnover of an unredacted copy, to which the juvenile's attorney objected. Consequently, the judge conducted an in camera review and determined the prosecutor and probation department were entitled to see and consider the unredacted evaluation. The judge's June 6, 2016 turnover order barred the future dissemination or use of the unredacted report for any other purposes.[2]

Pursuant to his agreement with the prosecutor, the juvenile acknowledged his delinquent conduct and was placed on a three-year probationary term. The order of adjudication, also entered on June 6, 2016, incorporated the protective order.

---

[2] The order specifically stated that "information contained in or derived from said report shall not be disclosed to any other person for any other reason nor disseminated or made public by any means, direct or indirect[.]"

The juvenile appeals, arguing in a single point that:

> THE TRIAL COURT ERRED IN ORDERING THAT THE JUVENILE PRODUCE AN UN-REDACTED COPY OF THE JUVENILE'S "PSYCHOSEXUAL EVALUATION," WHICH CONTAINED INCRIMINATING AND CONFIDENTIAL STATEMENTS BY THE JUVENILE. THEREFORE, THIS COURT SHOULD VACATE THE TRIAL COURT'S RULING AND REMAND FOR A PROTECTIVE ORDER FORBIDDING THE FUTURE USE OF THE CONFIDENTIAL INFORMATION.

We reject both parts of this argument.

First, whether the judge correctly ordered the release of the unredacted report to the prosecutor or the probation department was rendered moot once the report was turned over. Even assuming we were to agree the turnover order was erroneous for any of the reasons asserted in this appeal, there is no practical remedy available to the juvenile. See State v. Ross, 441 N.J. Super. 120, 125-26 (App. Div. 2015); Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006).

Second, the juvenile argues we should remand for entry of a protective order. The judge, however, did enter a protective order that barred any further dissemination of the report. This argument is, thus, moot for the reason that the relief sought on appeal was already provided by the trial court.

The appeal is moot and, therefore, dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5178-15T1