867 A.2d 1204 (2005)
375 N.J. Super. 300
Joseph SHIMM, Plaintiff-Respondent,
v.
TOYS FROM THE ATTIC, INC., Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted January 19, 2005.
Decided February 24, 2005.
*1205 Philip M. Lustbader, David Lustbader, Livingston, for appellant (David Lustbader, on the brief).
Cohn Lifland Pearlman Herrmann & Kopf, Saddle Brook, for respondent (Joshua P. Cohn, of counsel and on the brief).
Before Judges STERN, COBURN and WECKER.
The opinion of the court was delivered by
COBURN, J.A.D.
The primary question is whether dismissal of this appeal is required to advance the policy against piecemeal litigation.[1] Our answer is yes.
Joseph Shimm sued Toys From the Attic, Inc. ("Toys") in connection with his purchase of a preamplifier. He alleged conversion, common law fraud, equitable fraud, negligent misrepresentation, and violation of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -48. Pursuant to Rule 4:58-1, Toys made a timely offer of judgment in the amount of $64. Shimm rejected the offer. In ensuing Rule 4:21A arbitration, Shimm received an award of $2,751. Toys rejected the award pursuant to Rule 4:21A-6(b)(1), and the case proceeded *1206 to trial. The jury found no cause for action.
Shimm filed a timely motion for a new trial, which was denied by an order dated January 10, 2003. On January 24, 2003, Toys filed a motion in the Law Division for legal fees and costs pursuant to Rule 4:58-3 and N.J.S.A. 2A:15-59. On January 30, 2003, before Toys' motion was heard, Shimm filed his notice of appeal, which was limited to his Consumer Fraud Act claim. The judge recognized that the filing of the notice of appeal deprived him of jurisdiction, R. 2:9-1(a), and he denied the motion without prejudice. Toys neither cross-appealed from that ruling nor moved before us for a temporary remand pursuant to Rule 2:9-1(a). In an unreported opinion, we affirmed the judgment in Toys' favor. Shimm v. Toys From the Attic, Inc., No. A-2770-02T3 (App.Div. January 14, 2004).
After we filed our judgment, Toys again filed its motion in the Law Division for legal fees and costs pursuant to Rule 4:58-3 and N.J.S.A. 2A:15-59. The motion was denied on the merits, and Toys appealed.
Rule 4:42-9(d) provides that "[a]n allowance of [attorney's] fees made on the determination of a matter shall be included in the judgment or order stating the determination." When that has not been done, as occurred here, and no appeal has been filed, a post-judgment application may be made within the twenty-day time limit provided by Rule 4:49-2, or possibly at a later point pursuant to Rule 4:50. Ricci v. Corporate Exp. of the East, Inc., 344 N.J.Super. 39, 48, 779 A.2d 1114, 1119-20 (App.Div.2001), certif. denied, 171 N.J. 42, 791 A.2d 220 (2002). When an appeal has been filed, other principles apply to avoid piecemeal appellate litigation.
In Hudson v. Hudson, 36 N.J. 549, 552-53, 178 A.2d 202, 203 (1962), the Court observed that it does "not approve of piecemeal adjudication of controversies." It added:
Our rules (with a narrow exception, not applicable here ...) prohibit direct appeal unless final judgment has been entered disposing of all issues as to all parties. Consent of counsel cannot supply a basis for violation of the rule. [Id. at 553, 178 A.2d at 203-04 (internal citations omitted).]
In Gloucester City Bd. of Educ. v. Am. Arbitration Ass'n, 333 N.J.Super. 511, 755 A.2d 1256 (App.Div.2000), after noting that "only a final judgment is appealable as of right, R. 2:2-3(a), and that a judgment must dispose of all claims by all parties to be final," id. at 519, 755 A.2d at 1260 (citation omitted), we said that "[w]hen an appeal [from an interlocutory order] has been improvidently filed, a respondent has a responsibility to the court to file a timely motion to dismiss the appeal." Id. at 519-20, 755 A.2d at 1260-61 (citation omitted).
In In re Unanue, 311 N.J.Super. 589, 710 A.2d 1036 (App.Div.), certif. denied, 157 N.J. 541, 724 A.2d 801 (1998), cert. denied, 526 U.S. 1051, 119 S.Ct. 1357, 143 L.Ed.2d 518, rehearing denied, 526 U.S. 1140, 119 S.Ct. 1800, 143 L.Ed.2d 1026 (1999), we said this:
There is no reason why the issue could not and should not have been raised in the main appeal which was filed by defendant individually on his own behalf alone. A party is required to raise in a single appeal all of his challenges to the judgment appealed from. The appellate court has no greater tolerance for piecemeal litigation than do the trial courts, and the filing of separate appeals by the same party from the same final judgment is an obvious, untenable, and intolerable violation of the overriding policy of judicial administration that litigation be conducted expeditiously, economically, and efficiently.

*1207 [Id. at 598-99, 710 A.2d at 1040.]
Although the instant case does not involve a second appeal by the same party, the principles noted above are no less applicable to an appeal by another party of an issue, such as counsel fees and costs, that ought to have been resolved below before final appellate consideration.
The original appeal appeared to be from a final judgment, and there was no reason for this court to think otherwise. Although Shimm ought not to have filed his notice of appeal if he had prior notice of Toys' notice of motion for costs and fees, it is not clear from this record that he had such notice. In any case, if Toys believed the appeal was interlocutory, as it was in that it did not resolve all issues, Toys was obliged to move either for dismissal of the appeal, Gloucester City, supra, 333 N.J.Super. at 519-20, 755 A.2d at 1260-61, or, in the alternative, for a temporary remand to the Law Division, pursuant to Rule 2:9-1(a), to have the undecided issues resolved. Having failed to follow either of those courses, Toys lost its right to our review of its post appellate judgment motion.
Although we decline to consider this appeal on the merits, we note that the main claim, attorney's fees under Rule 4:58, is probably entirely without merit for the following reasons. After judgment was entered in this case, that rule was changed to provide that "[n]o allowances shall be granted, however, if the claimants claim is dismissed, a no-cause verdict is returned, or only nominal damages are awarded." R. 4:58-3. Since it does not appear that Toys had any vested rights, and since court rules "are given retrospective application if vested rights are not thereby disturbed," Feuchtbaum v. Constantini, 59 N.J. 167, 172, 280 A.2d 161, 163 (1971) (internal citations omitted), were we to reach the issue, we would most likely affirm the Law Division's order. See also Twis v. Dep't of Treasury, 124 N.J. 461, 470, 591 A.2d 913, 917-18 (1991); State v. Otis Elevator Co., 12 N.J. 1, 5, 95 A.2d 715, 716-17 (1953); Harris v. Branin Transp., Inc., 312 N.J.Super. 38, 50, 711 A.2d 331, 337 (App.Div.), certif. denied, 156 N.J. 408, 719 A.2d 640 (1998); and Dziubek v. Schumann, 275 N.J.Super. 428, 436, 646 A.2d 492, 496 (App.Div.1994).
Appeal dismissed.
NOTES
[1] We raised this issue on our own motion and gave the parties an opportunity to brief it. See Kimmel v. Dayrit, 154 N.J. 337, 342, 712 A.2d 1129, 1132 (1998); Ctr. for Molecular Med. & Immunology v. Tp. of Belleville, 357 N.J.Super. 41, 48, 813 A.2d 1243, 1247-48 (App.Div.2003), and Rule 2:8-2 ("The appellate court may at any time on its own motion ... dismiss the appeal....")