**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3225-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JERMAINE JOHNSON,
a/k/a JERMAINE RESHID,
GERMAINE JOHNSON, JR.,
JERMAYNE JOHSON, JERAMINE
JOHNSON, MAINE,

    Defendant-Appellant.

_____

        Submitted July 25, 2017 — Decided October 6, 2017

        Before Judges Ostrer and Leone.

        On appeal from Superior Court of New Jersey,
        Law Division, Camden County, Indictment No.
        06-05-1776.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (John Douard, Assistant Deputy
        Public Defender, of counsel and on the brief).

        Mary Eva Colalillo, Camden County Prosecutor,
        attorney for respondent (Maura Murphy
        Sullivan, Assistant Prosecutor, of counsel and
        on the brief).

PER CURIAM

Defendant Jermaine Johnson appeals the November 18, 2015 order denying his petition for post-conviction relief (PCR). The PCR court found that the petition was untimely under Rule 3:22-12. We agree, and affirm.

I.

The following facts come from the transcripts of defendant's plea hearing and sentencing hearing.

In 2005, defendant had sexual relations when age twenty-three with B.Y., a fifteen-year old girl. B.Y. gave birth to a child. Defendant was indicted for second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4), and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a).

Trial counsel negotiated a plea agreement that resulted in the dismissal of the more serious second-degree sexual assault charge, his sentence concern, his guilty plea to the less-serious charge of third-degree endangering the welfare of a child, and the prosecutor's recommendation of a probationary sentence which would be concurrent to any sentence he received on his pending charge for second-degree unlawful possession of a handgun without a permit, N.J.S.A. 2C:39-5(b).

Pursuant to the plea agreement, a trial judge sentenced defendant to five years of probation, twenty-five days in jail

which defendant had already served, penalties, and assessments. Defendant further agreed not to have any contact with B.Y. and her family. Defendant's January 8, 2007 Judgment of Conviction (JOC) stated that he was sentenced to parole supervision for life (PSL).

Defendant admitted he "was cited for a violation of parole supervision for life" in 2011.[1] Thereafter, on December 26, 2012, and again on January 22, 2013, defendant signed a form setting forth the "General Conditions" for "Parole Supervision for Life" acknowledging:

> I understand that pursuant to N.J.S.A. 2C:43-6.4, my sentence includes a special sentence of parole supervision for life. I understand that during the service of parole supervision for life I shall be in the legal custody of the Commissioner of the Department of Corrections and I shall be under the supervision of the Division of Parole of the State Parole Board.

On October 29, 2014, more than seven years and ten months after his judgment of conviction, defendant filed a petition for PCR. After hearing oral argument, Judge John T. Kelley denied defendant's PCR petition. The court held that defendant's claims

---

[1] This apparently related to defendant's use of a condom containing yellow liquid to defraud a drug test ordered by his parole officer. Defendant was convicted of third-degree defrauding the administration of a drug test, N.J.S.A. 2C:36-10(d), and fourth-degree possession of an instrument or substance to defraud the administration of a drug test, N.J.S.A. 2C:36-10(e), and was sentenced to eighteen months in prison.

were time-barred under Rule 3:22-12(a); that he had failed to demonstrate a prima facie case of ineffective assistance of counsel; and that his claims relating to the constitutionality of Megan's Law were procedurally barred under Rule 3:22-4(a).

Defendant appeals, arguing:

> POINT I - THE TIME BAR IN RULE 3:22-12 SHOULD BE RELAXED BECAUSE THE DELAY IN THIS CASE WAS DUE TO EXCUSABLE NEGLECT, AND ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.
>
> POINT II - THE PETITION FOR POST-CONVICTION RELIEF SHOULD HAVE BEEN GRANTED, OR, AT A MINIMUM, AN EVIDENTIARY HEARING SHOULD HAVE BEEN ORDERED.
>
> > A. The Record Is Sufficient To Grant Mr. Johnson His Petition For PCR.
> >
> > B. At A Minimum, Mr. Johnson Should Have Been Afforded An Evidentiary Hearing, As He Had Made A Prima Facie Case For Ineffective Assistance Of Counsel.
>
> POINT III - PSL IS AN UNCONSTITUTIONAL VIOLATION OF DUE PROCESS AND FUNDAMENTAL FAIRNESS.

## II.

A PCR court need not grant an evidentiary hearing unless "'a defendant has presented a prima facie [case] in support of post-conviction relief.'" State v. Marshall, 148 N.J. 89, 158 (alteration in original), cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997). "To establish such a prima facie

4 A-3225-15T3

case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." Ibid. The court must view the facts "'in the light most favorable to defendant.'" Ibid.; accord R. 3:22-10(b).

If the PCR court has not held an evidentiary hearing, we "conduct a de novo review." State v. Harris, 181 N.J. 391, 421 (2004), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005). We must hew to that standard of review.

To show ineffective assistance of counsel, a defendant must satisfy the two-pronged test of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted in State v. Fritz, 105 N.J. 42, 53 (1987). In the context of a guilty plea, the defendant must show "that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. DiFrisco, 137 N.J. 434, 457 (1994) (citation omitted) (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 371, 88 L. Ed. 2d 203, 210 (1973)), cert. denied, 516 U.S. 1129, 116 S. Ct. 949, 133 L. Ed. 2d 873 (1996); see also State v. Gaitan, 209 N.J. 339, 351 (2012). Moreover, to obtain relief under the second prong, "a petitioner must convince the court that a decision to reject

the plea bargain would have been rational under the circumstances." State v. O'Donnell, 435 N.J. Super. 351, 3712 (App. Div. 2014)(quoting Padilla v. Kentucky, 559 U.S. 356, 372, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284, 297 (2010)).

## III.

Defendant cannot show a reasonable likelihood of success because defendant's PCR petition is untimely. See State v. Brewster, 429 N.J. Super. 387, 398 (App. Div. 2013). Rule 3:22-12(a)(1) has long provided that "[n]o petition shall be filed . . . more than 5 years" after the entry of the challenged judgment of conviction. Here, defendant challenges the validity of his guilty plea underlying a judgment of conviction dated January 8, 2007. His PCR petition was filed October 29, 2014, more than seven years and ten months after the date of his judgment of conviction.

"Neither the parties nor the court may . . . enlarge the time specified by . . . R. 3:22-12[.]" R. 1:3-4(c). Rule 3:22-12 permits a late filing only if the defendant "alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." R.

3:22-12(a)(1) (emphasis added); see R. 3:22-12(c).[2]  Such a claim must be made in the verified petition, which must allege facts sufficient to support it.  State v. Cann, 342 N.J. Super. 93, 101-02 (App. Div.), certif. denied, 170 N.J. 208 (2001); see R. 3:22-8.

### A.

Defendant first argues that the time bar should be relaxed due to excusable neglect because of his confusion as to whether he was subject to Community Supervision for Life (CSL) or PSL.

N.J.S.A. 2C:43-6.4 is a component of a series of laws commonly referred to as Megan's Law.  Prior to 2004, it provided for CSL as a "special sentence" designed to "protect the public from recidivism by sexual offenders."  State v. Perez, 220 N.J. 423, 436-37 (2015).  The statute was amended effective January 14,

---

[2] As defendant did not file his PCR petition until October 2014, it is governed by the current version of Rule 3:22-12, which the Supreme Court made effective February 1, 2010.  E.g, Brewster, supra, 429 N.J. Super. at 398 n.3.  "[C]ourt rules 'are given retrospective application if vested rights are not thereby disturbed.'"  Shimm v. Toys from the Attic, Inc., 375 N.J. Super. 300, 304-05 (App. Div. 2005) (quoting Feuchtbaum v. Constantini, 59 N.J. 167, 172 (1971)); see also Kas Oriental Rugs, Inc. v. Ellman, 407 N.J. Super. 538, 549-52 (App. Div.), certif. denied, 200 N.J. 476 (2009).  Defendant had no vested right preventing the Court from amending the Rule's procedures for PCR petitions.  See State v. Rose, 425 N.J. Super. 463, 468 (App. Div. 2012).  Nor, as set forth below, is it manifestly unjust to apply this version of Rule 3:22-12.  See James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 563 (2014).

2004, when all references to CSL were replaced with references to PSL. <u>Id.</u> at 437.

"[A] close examination of the pre- and post-[amendment] versions of <u>N.J.S.A.</u> 2C:43-6.4" shows that the amendment made "substantive change[s]" to the CSL post-sentence supervisory scheme. <u>Id.</u> at 440. For example, a person subject to CSL is supervised as if on parole, but violation of CSL is punishable only as a fourth-degree crime. <u>Id.</u> at 441. In other words, "the Parole Board cannot return a defendant to prison through the parole-revocation process." <u>Ibid.</u> Rather, the Parole Board's only option is to "refer the matter to the county prosecutor" who can choose whether to prosecute. <u>Ibid.</u>

By contrast, a person on PSL is placed "'in the legal custody of the Commissioner of Corrections [and] shall be supervised by the Division of Parole of the State Parole Board' for life." <u>Ibid.</u> (quoting <u>N.J.S.A.</u> 2C:43-6.4(b)). "A violation of PSL may be prosecuted as a fourth-degree offense, <u>N.J.S.A.</u> 2C:43-6.4(d), but it may also be treated as a parole violation, <u>N.J.S.A.</u> 2C:43-6.4(b)." <u>Ibid.</u> Thus, the Parole Board also has the option to

administratively revoke an offender's parole and send the offender to prison without a criminal prosecution. <u>Ibid.</u>[3]

During defendant's October 3, 2006 plea hearing, the prosecutor stated that under the plea bargain, "defendant has agreed . . . that he's going to be under parole supervision for life." Trial counsel stated the prosecutor's representations were "true and accurate." However, the plea forms incorrectly referenced CSL. Additionally, at the plea hearing and the January 5, 2007 sentencing hearing the trial judge stated that defendant would receive CSL. However, defendant's JOC clearly stated defendant was subject to PSL.

The regrettable inconsistency regarding use of the terms CSL and PSL do not excuse defendant's delay in filing for PCR. First, defendant was aware of the inconsistent references to CSL and PSL as early as his plea hearing. We agree with the PCR court that "defendant was on notice that the sentence included Megan's Law and parole supervision for life, because the prosecutor explicitly mentioned it during the plea hearing in 2006."

---

[3] Defendant notes that further changes were made to the statute in 2014, but those changes are irrelevant to defendant's decision to plead guilty in 2006. Moreover, the changes have not yet been applied to defendant. Thus, we do not consider their applicability to defendant.

Moreover, as the PCR court noted, defendant knew he was subject to PSL in 2011, when he admittedly was cited for a violation of PSL. In any event, it would have been clear to defendant that he was subject to PSL no later than December 26, 2012, when he signed a form stating the "General Conditions" for "Parole Supervision for Life," and acknowledged being sentenced and serving PSL. Nevertheless, defendant still waited until October 29, 2014 to file for PCR.

To excuse his late filing, defendant relies on State v. Schubert, 212 N.J. 295 (2012). However, Schubert has no application to this case. Schubert addressed whether an offender sentenced before the 2004 effective date of the PSL amendment could have PSL retroactively imposed on him. By contrast, defendant was sentenced in 2007 after the 2004 effective date of the PSL amendment, so defendant was always governed by the requirement that he be sentenced to PSL. Moreover, Schubert was decided on October 22, 2012, more than two years before defendant filed his PCR petition.

Defendant also argues that where "a defendant forbears from initiating PCR proceedings within five years in favor of successfully completing probation and moving on with his rehabilitation, it would be unjust to deny him the opportunity to present his claims on PCR on simply procedural grounds." However,

defendant makes no such claim of forbearance in his certifications. In any event, it does not constitute excusable neglect for ignoring the five-year period to challenge his conviction.

Defendant waited to file his PCR petition more than seven years and ten months after his judgment of conviction. "Absent compelling, extenuating circumstances, the burden of justifying a petition filed after the five-year period will increase with the extent of the delay." Id. at 492 (quoting State v. Mitchell, 126 N.J. 565, 580 (1992)). Here, defendant has no valid reasons for his delay of almost three years beyond the five-year period. See State v. Dugan, 289 N.J. Super. 15, 21 (App. Div.) (finding "defendant's delay in filing his petition was significant" and inexcusable because he "delayed more than a year and a half after expiration of the five year period"), certif. denied, 145 N.J. 373 (1996). The option of seeking PCR relief "could have been pursued well before . . . and should have been known to defendant many years ago. He simply did not avail himself of it in a diligent fashion." State v. Milne, 178 N.J. 486, 494 (2004). Thus, we agree with the PCR court that defendant has failed to show excusable neglect.

### B.

Defendant also failed to show that "enforcement of the time bar would result in a fundamental injustice." R. 3:22-12(a)(1).

Defendant would have received PSL if he pled or was found guilty to either charged offense. Defendant does not claim innocence of improperly touching and penetrating the fifteen-year-old victim who became pregnant and gave birth.

He argues that he received ineffective assistance of counsel in not clarifying if he was pleading guilty to CSL or PSL, and that he would not have pled guilty if he had known he would be sentenced to PSL. However, the plea agreement negotiated by trial counsel was favorable to defendant.[4]

By pleading guilty to the less serious charge of third-degree endangering the welfare of a child, defendant avoided a conviction on the more serious charge of second-degree sexual assault, and received a sentence of probation which was concurrent to any sentence he would receive on his pending second-degree gun charge. Had defendant been found guilty on all charges, he faced a possible total sentence of 25 years of imprisonment. N.J.S.A. 2C:43-6(a).

Thus, it would be difficult for defendant to show that "a decision to reject the plea bargain would have been rational under the circumstances," Padilla, supra, 559 U.S. at 372, 130 S. Ct.

---

[4] In fact, the plea agreement was so favorable to defendant that during the sentencing hearing the trial judge stated he was "not happy with this" plea agreement.

at 1485, 176 <u>L. Ed.</u> 2d at 297, let alone show a fundamental injustice.

Defendant alleges that at sentencing the court misinformed him about the consequences of his plea, and that this information created a fundamental injustice. However, any alleged misinformation at sentencing could not have affected defendant's earlier decision to plead guilty. Further, defendant waived any argument regarding misinformation from the trial court by not raising it on direct appeal. <u>See</u> <u>R.</u> 3:22-4(a).

Thus, defendant failed to show excusable neglect and fundamental injustice as required by <u>Rule</u> 3:22-12(a)(1). Therefore, he cannot excuse his failure to file his PCR petition within five years. <u>See</u> <u>R.</u> 3:22-12(c); <u>R.</u> 1:3-4(c). Accordingly, the PCR court properly denied his PCR petition. <u>See</u> <u>Brewster</u>, <u>supra</u>, 429 <u>N.J. Super.</u> at 398.

## C.

Defendant lastly tries to challenge the constitutionality of PSL. However, a PCR petition is not "a substitute for appeal." <u>R.</u> 3:22-3. "Any ground for relief not raised . . . in any appeal taken [from the conviction] is barred from assertion" in a PCR proceeding unless "(1) the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or (2) [the] enforcement of the bar to preclude claims,

13

including one for ineffective assistance of counsel, would result in fundamental injustice[.]" R. 3:22-4(a). This rule is designed to guard against piecemeal proceedings. Mitchell, supra, 126 N.J. at 584-85.

Defendant cannot satisfy the exceptions set forth in Rule 3:22-4(a). Moreover, as set forth above, he cannot show fundamental injustice. R. 3:22-4(a)(2). Thus, the PCR court properly barred defendant's constitutional claim on this grounds as well as untimeliness.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION