**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3738-16T2

M.C.,

     Petitioner-Appellant,

v.

DIVISION OF MEDICAL ASSISTANCE
AND HEALTH SERVICES, and
MONMOUTH COUNTY BOARD OF
SOCIAL SERVICES,

     Respondents-Respondents.

_____

Argued December 17, 2018 – Decided  January 3, 2019

Before Judges Haas and Sumners.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

Laurie M. Higgins argued the cause for appellant (Sb2, Inc. attorneys; John Pendergast, on the brief).

Jacqueline R. D'Alessandro, Deputy Attorney General, argued the cause for respondents (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa,

Assistant Attorney General, of counsel; Jacqueline R. D'Alessandro, on the brief).

PER CURIAM

Over sixty years ago, Chief Justice Vanderbilt observed that New Jersey's appeals system is guided by the general principle that litigants are entitled "to one appeal as of right[.]" State v. Lefante, 14 N.J. 584, 591 (1954). In that appeal, the appellant "must present all arguments in support of his [or her] stand" and, if the party "fails to present all of the points on which he [or she] rests [their] case[,] [the party] is deemed to have waived them and . . . cannot at some later stage in the same proceeding . . . argue points which [the party] has in effect abandoned." Ibid. Accordingly, "the filing of separate appeals by the same party from the same judgment is an obvious, untenable, and intolerable violation of the overriding policy of judicial administration that litigation be conducted expeditiously, economically, and efficiently." Shimm v. Toys From The Attic, Inc., 375 N.J. Super. 300, 304 (App. Div. 2005) (quoting In re Unanue, 311 N.J. Super. 589, 598-99 (App. Div. 1998)).

This matter involves appellant M.C.'s third successive appeal from the alleged failure of the Department of Human Services, Division of Medical Assistance and Health Services (DMAHS), to afford her a hearing on her request for an undue hardship waiver for the period of ineligibility for Medicaid benefits

imposed due to an asset transfer. In her first appeal,[1] we determined that appellant abandoned her claim on this point by failing to brief the issue. After disposing of that matter, we granted DMAHS' motion to dismiss appellant's second appeal,[2] where she again raised the exact same argument. Having already had two bites at the apple, appellant has now filed her third appeal on the identical issue. Guided by Chief Justice Vanderbilt's decades-old guidance, we dismiss this appeal.

The procedural history and facts of this matter are fully set forth in the opinion we rendered in appellant's first appeal and, therefore, only a brief summary is necessary here. M.C. v. DMAHS, No. A-1755-14 (App. Div. Dec. 13, 2016). M.C. applied for Medicaid benefits while she was living in a nursing home. Id. at 2. On October 7, 2013, the Monmouth County Board of Social Services, which was the County Welfare Agency for Monmouth County (CWA), determined that her eligibility was subject to a 623-day period of ineligibility because she had transferred over $160,000 to her daughter for less than fair market value during the sixty-month "look-back period" that governs eligibility. Id. at 5.

---

[1] Docket No. A-1755-14.

[2] Docket No. A-3738-16.

On January 9, 2014, M.C. submitted an undue hardship waiver application to the CWA seeking relief from the transfer penalty. Two months later, she reapplied for Medicaid benefits, and the CWA denied the application. Id. at 6. M.C. requested a hearing and the matter was transmitted to the Office of Administrative Law (OAL). Ibid. After conducting a hearing, the Administrative Law Judge (ALJ) issued an Initial Decision, recommending that the transfer penalty be upheld. Id. at 6-7. On October 20, 2014, the DMAHS Director rendered a final agency decision adopting the ALJ's recommendation. Id. at 7.

M.C. filed a notice of appeal from the Director's final decision and from the inaction of DMAHS on her request for a hardship waiver. In describing the agency decision being appealed, M.C. stated:

> [DMAHS] issued a Final Agency Decision on October 20, 2014 ignoring the Petition for Undue Hardship Waiver timely submitted to the assigned caseworker and raised again during the hearing at the [OAL] in New Jersey on August 15, 2014. [Appellant] appeals the Final Agency Decision because it does not address the Undue Hardship Waiver. [Appellant] hereby requests that the matter be remanded to the ALJ for a hearing.

M.C.'s case information statement likewise stated that the only issue "to be raised on appeal" was DMAHS' "failure to address [her] request for an Undue

Hardship Waiver exception on the penalty issued by DMAHS with regard[] to [her] Medicaid eligibility[.]"

In spite of this, M.C. did not brief this issue or otherwise present any argument concerning it. Ibid. n.1. Accordingly, we determined that M.C. had abandoned this contention. Ibid. We stated:

> In her notice of appeal, M.C. stated the Division ignored her petition for undue hardship waiver and sought a remand. However, the argument is not addressed in her initial or reply brief, and is deemed waived. R. 2:6-2(a)(5); accord El-Sioufi v. St. Peter's Univ. Hosp., 382 N.J. Super. 145, 155 n.2 (App. Div. 2005) (holding an issue that is not briefed is deemed waived upon appeal); Pressler & Verniero, Current N.J. Court Rules, comment 4 on R. 2:6-2 (2016).
>
> [Ibid.][3]

Approximately two weeks before M.C.'s first appeal was submitted to us for disposition, she filed a second appeal, raising the identical issue presented in the then-pending matter. In this notice of appeal, M.C. again stated that she was appealing from "[t]he failure of [DMAHS] and [the CWA] to issue an approval or denial of M.C.'s undue hardship waiver application[.]"

---

[3] We also upheld the transfer penalty imposed by the DMAHS Director.

Ten days after we rendered our decision in M.C.'s first appeal on December 13, 2016, DMAHS filed a motion to dismiss M.C.'s second appeal. DMAHS primarily argued that the second appeal was "duplicative of [her] prior appeal[,]" where we had already concluded that M.C. had abandoned and waived any argument concerning the waiver application.[4]  We agreed with this contention and dismissed M.C.'s second appeal in a January 25, 2017 order.

Three months later, M.C. filed the present appeal, her third, again challenging the failure of DMAHS to address her request for a hearing on the waiver application.[5]  Just as she did in her two prior notices of appeal, M.C. contends that "[b]ecause it is undisputed that M.C.'s inaction appeal has gone unanswered by [DMAHS], her undue hardship waiver application should be granted or, alternatively, the matter should be transmitted to the [OAL]."[6]

---

[4] DMAHS also argued that any appeal concerning the application was untimely under Rule 2:4-1(b) and, even if this court had not already disposed of this issue in the first appeal, M.C. had not exhausted her administrative remedies.

[5] M.C. alleges that prior to filing this appeal, she sent a letter on March 2, 2017 to DMAHS requesting a fair hearing on the waiver application.  DMAHS asserts it has no record of receiving this request.

[6] DMAHS thereafter filed another motion to dismiss the appeal.  On August 22, 2017, we denied this motion "without prejudice to [DMAHS'] ability to raise before the merits panel that [M.C.] has waived her right to seek this relief or that the appeal is untimely as to the requested relief."

A-3738-16T2

As we stated at the outset, a party is only entitled to one appeal, not three. M.C.'s arguments to the contrary are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E). Therefore, we dismiss M.C.'s appeal.

Appeal dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3738-16T2