**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1411-18T2

XCALIBUR COLLECTIONS,
LLC and ANDREA LOIACONO,

    Plaintiffs-Appellants,

v.

ANDREW J. KARCICH,

    Defendant-Respondent.

_____

        Argued telephonically May 4, 2020 –
        Decided June 9, 2020

        Before Judges Fasciale and Moynihan.

        On appeal from the Superior Court of New Jersey, Law
        Division, Burlington County, Docket No. L-1632-15.

        Mark J. Molz argued the cause for appellants.

        Fardene Emmanuela Blanchard argued the cause for
        respondent (Lynch & Karcich LLC, attorneys; Fardene
        Emmanuela Blanchard, on the brief).

PER CURIAM

Plaintiff Andrea Loiacono appeals from an October 19, 2018 order awarding $5653.62 in sanctions against plaintiffs and their counsel, Mark J. Molz, Esq., in favor of defendant Andrew Karcich. On October 19, 2019, the judge provided extensive oral reasons for her rulings and the sanctions. We affirm.

Karcich represented J.P. and V.P. in a small-claims lawsuit filed by plaintiffs (the underlying suit). On March 6, 2015, Karcich filed a counterclaim on behalf of J.P. and V.P., alleging breach of contract, violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, conversion, fraud, and the right of replevin. The counterclaim sought reimbursement for items plaintiffs sold on eBay and the return of items that J.P. and V.P. delivered to plaintiffs but never sold. The counterclaim in the underlying suit also sought compensatory damages, interest, attorney's fees, and costs of suit. Because the counterclaim exceeded the monetary limit of the small-claims court, the judge transferred the underlying suit to the special civil part.

While the underlying lawsuit was pending, plaintiffs filed this Law Division complaint against J.P., V.P., and Karcich, alleging Karcich wrote two letters to eBay that defamed plaintiffs. The underlying lawsuit settled, but this case remained.

Karcich removed himself as counsel for J.P. and V.P. after being named as a defendant in this suit, signing a substitution of attorney. On September 17, 2015, plaintiffs filed a second amended complaint, which Karcich sought to dismiss, arguing that plaintiffs failed to state a claim upon which relief could be granted, R. 4:6-2(e), because even if the statements in the letters to eBay were defamatory, he was protected from liability under the litigation privilege. On May 26, 2016, the motion judge granted Karcich's motion to dismiss, finding the litigation privilege protected Karcich. Karcich filed a motion for attorney's fees and costs on June 15, 2016, which plaintiffs opposed. One day later, plaintiffs appealed the judge's order dismissing their complaint. Karcich filed a motion with us, seeking to dismiss plaintiffs' appeal or remand the matter for the motion judge to determine Karcich's motion for sanctions, but we denied his motion. We then concluded that the litigation privilege applied and affirmed. Xcalibur Collections, LLC v. Karcich (Karcich I), A-4474-15 (App. Div. Oct. 31, 2017) (slip op. at 9-10).

After our decision in Karcich I, the motion judge held a hearing as to the sanctions issue on November 17, 2017. The judge ordered the parties to conduct discovery, and she scheduled a return date on the motion for February 2, 2018. Karcich subpoenaed documents and sought to depose plaintiffs' counsel.

A-1411-18T2

Plaintiffs filed a motion to quash the subpoena and, after the parties appeared before the motion judge on March 2 and April 13, 2018, the judge denied plaintiffs' motion to quash, ordering plaintiffs to comply with Karcich's discovery requests. Plaintiffs failed to do so. On July 20, 2018, the parties again appeared on the sanctions issue, and several hearing dates later, the judge issued the order under review.

On appeal, plaintiffs argue: (1) Their complaint was not frivolous; (2) they brought the action in good faith; (3) the judge abused her discretion; (4) Karcich represented himself and therefore he was not entitled to counsel fees; and (5) Shimm v. Toys From the Attic, Inc., 375 N.J. Super. 300 (App. Div. 2005), required the dismissal of defendant's motion for sanctions because the first appeal was pending.

I.

We begin by addressing plaintiffs' arguments that their complaint was not frivolous, that they brought the action in good faith, and that the judge abused her discretion by granting Karcich attorney's fees and costs. Karcich moved for attorney's fees and costs under Rule 1:4-8(b) and the frivolous litigation statute, N.J.S.A. 2A:15-59.1.

We review an award of sanctions and attorney's fees for an abuse of discretion. Occhifinto v. Olivo Constr. Co., 221 N.J. 443, 453 (2015); Ferolito v. Park Hill Ass'n, 408 N.J. Super. 401, 407 (App. Div. 2009). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

"Reversal is warranted when 'the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amount[ed] to a clear error in judgment.'" Ferolito, 408 N.J. Super. at 407 (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)). However, we review a trial judge's legal conclusions de novo. Occhifinto, 221 N.J. at 453.

Rule 1-4:8(a) provides that when an attorney signs, files, or advocates a "pleading, written motion, or other paper," that attorney "certifies that to the best of his or her knowledge, information, and belief":

> (1) [T]he paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the factual allegations have evidentiary support or, as to specifically identified allegations, they are either likely to have evidentiary support or they will be withdrawn or corrected if reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support; and

(4) the denials of factual allegations are warranted on the evidence or, as to specifically identified denials, they are reasonably based on a lack of information or belief or they will be withdrawn or corrected if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support.

Under Rule 1:4-8(b)(1), "[a] court may impose sanctions upon an attorney if the attorney files a paper that does not conform to the requirements of Rule 1:4-8(a), and fails to withdraw the paper within twenty-eight days of service of a demand for its withdrawal." United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 389, 389 (App. Div. 2009).

However, "[t]he nature of conduct warranting sanction under Rule 1:4-8 has been strictly construed[.]" First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 432 (App. Div. 2007). The term "frivolous" has a restrictive meaning. McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 561

(1993). Such sanctions should not be imposed just because a party loses his or her case. Tagayun v. AmeriChoice of N.J., Inc., 446 N.J. Super. 570, 580 (App. Div. 2016). Instead, "[a] claim will be deemed frivolous or groundless [only] when no rational argument can be advanced in its support, when it is not supported by any credible evidence, when a reasonable person could not have expected its success, or when it is completely untenable." Belfer v. Merling, 322 N.J. Super. 124, 144 (App. Div. 1999). An award of attorney's fees and costs is not warranted where the plaintiff "had a reasonable, good faith belief in the merits of the action." Wyche v. Unsatisfied Claim & Judgment Fund of N.J., 383 N.J. Super. 554, 561 (App. Div. 2006).

We conclude the judge did not abuse her discretion. She reiterated that this court, in Karcich I, determined the litigation privilege applied, and she found there was no basis for the underlying complaint against Karcich. She stated: "In addition, if there was to be an expansion of the law to include . . . Karcich's activity, [plaintiffs] never argued [such] before this [c]ourt or the Appellate Division." The motion judge further emphasized that:

> [Plaintiffs' counsel] says one other thing . . . "[t]he complaint of this matter was filed in good faith in accordance with . . . the client's direction[."] So . . . because we didn't have discovery, I don't know whether [plaintiffs' counsel] advised [plaintiffs] against it or advised [his client] of the likelihood of the dismissal

7

because of the litigation privilege, especially after the letter was received and [counsel] became aware of the law regarding that, so we don't know that, because [plaintiffs' counsel] and his client declined to proceed with the discovery that I requested that could [have] analyze[d] this claim of frivolous litigation.

The record supports the judge's findings.

Moreover, in Karcich's appendix, there are three letters written by Karcich's attorney, warning plaintiffs' counsel that the complaint was frivolous because the litigation privilege protected Karcich. Despite these warnings, plaintiffs' counsel proceeded with the litigation. The motion judge properly stated that plaintiffs did not make any arguments to extend the law before her or this court in Karcich I. Thus, we conclude the judge correctly imposed sanctions on plaintiffs.

II.

For the first time on appeal, plaintiffs contend the judge erred in granting attorney's fees to a self-represented firm, claiming Karcich represented himself throughout the litigation and "therefore is not entitled to an award of attorney's fees pursuant to [Rule] 1:4-8 and the holding in Alpert, Goldberg, Butler, Norton & Weiss, P.C. [v. Quinn], 410 N.J. Super. 510, 545 [(2009)]." We conclude that this argument lacks merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We briefly add the following.

The New Jersey Supreme Court held that a self-represented litigant may not claim attorney's fees for the litigant's own efforts in prosecuting a case. Segal v. Lynch, 211 N.J. 230, 260-64 (2012). However, Segal focuses on attorneys who solely represent themselves. Id. at 263-64.

In this case, Karcich's counsel provided a certification in support of the motion for sanctions. Counsel certified that, although she works for the law firm Karcich founded, she and another attorney handled the case on Karcich's behalf. In Karcich's certification for attorney's fees, he included a copy of these attorneys' time entries and fees, and the costs incurred in his defense. It is clear that Karcich did not represent himself; rather, he had two attorneys in his law firm handle this litigation. Karcich himself is not entitled to attorney's fees under Segal, but Segal does not prohibit Karcich's two attorneys' compensation. Indeed, the judge appropriately reduced the award from $10,412.50 to $5653.62 to reflect the work performed by these two attorneys.[1] And there is nothing in this record to suggest otherwise.

---

[1] Karcich has not cross-appealed from the order awarding fees, or otherwise challenged the amount of the counsel fee.

## III.

Finally, on March 7, 2019, Karcich moved to compel transcripts for this appeal, or in the alternative to dismiss the appeal. On April 5, 2019, we ordered the parties to address Shimm in their merits briefs to determine whether Karcich I precluded the motion judge from addressing Karcich's motion for sanctions. 375 N.J. Super. at 300. After reviewing the parties' merits briefs, we conclude Shimm is inapplicable.

In Shimm, this court addressed whether it should dismiss an appeal to avoid piecemeal litigation. 375 N.J. Super. at 302. Shimm sued Toys From The Attic, Inc. (Toys) after purchasing a preamplifier, alleging various fraud claims. Ibid. The jury returned a verdict of no cause of action, and thereafter, Shimm filed a timely motion for a new trial, which the judge denied on January 10, 2003. Ibid. On January 24, 2003, Toys filed a motion for attorney's fees and costs pursuant to Rule 4:58-3 and N.J.S.A. 2A:15-59. Ibid. On January 30, 2003, before Toys' motion was heard, Shimm filed his notice of appeal. Ibid. The judge denied Toys' motion without prejudice due to the pending appeal. Ibid. Toys' failed to cross-appeal from that ruling or move for a remand. Ibid.

Thereafter, after this court filed its judgment, Toys again moved for attorney's fees and costs, which was denied. Id. at 303. Toys appealed that

10

order, and this court dismissed the appeal because Toys failed to file a motion for a dismissal or a remand in the first appeal. Id. at 304.

Here, unlike Shimm, Karcich moved before this court to dismiss or remand Karcich I for the judge to consider his motion for sanctions. We denied Karcich's motion in our September 2016 order. It is clear that Karcich attempted to have all issues "resolved below before final appellate consideration." Ibid. Therefore, the motion judge correctly determined Karcich's motion for sanctions after our decision in Karcich I.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1411-18T2