**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4528-19

IN THE MATTER OF THE
ESTATE OF RUDOLPH HAUKE,
deceased, AND OF THE RUDOLPH
HAUKE FAMILY REMAINDER
TRUST AND MARITAL TRUST,

and

IN THE MATTER OF THE
ESTATE OF HELEN HAUKE,
deceased, AND OF THE
RUDOLPH HAUKE FAMILY
REMAINDER TRUST AND
MARITAL TRUST.

_____

Argued January 18, 2022 – Decided January 31, 2022

Before Judges Fasciale and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket Nos. P-000323-16 and P-000324-16.

Marco A. Laracca argued the cause for appellants Thomas Hauke and Gregory Hauke (Bio & Laracca, PC, attorneys; Marco A. Laracca, of counsel and on the briefs; Kristen L. Laracca, on the briefs).

Joel A. Davies argued the cause for respondent Paul Hauke (Taff, Davies & Kalwinsky, attorneys; Joel A. Davies, of counsel and on the brief).

PER CURIAM

This probate matter returns before us for a second time. In our prior decision we affirmed a May 23, 2018 Chancery Division final judgment approving formal accountings for the estates and trusts of decedents Rudolph B. Hauke and Helen P. Hauke. In the Matter of the Estate of Rudolph Hauke, No. A-5200-17 (App. Div. Mar. 25, 2020) (slip op. at 18). The judgment imposed substantial surcharges on Gregory Hauke (Gregory) and Thomas Hauke (Thomas), the estates' former co-executors (the co-executors).[1] Id. at 2. We remanded for the court to determine whether, under the circumstances presented, a mutual release executed by Gregory, Thomas, and their brother Paul Hauke (Paul) in connection with their settlement of a prior Chancery Division litigation barred the court's imposition of the surcharges. The co-executors appeal from the remand court's order determining the release did not bar imposition of the surcharges, and, even if it did, the co-executors' waived their right to rely on the

---

[1] Because they share a surname, we refer to the decedents' children by their first names for clarity and to avoid confusion. We intend no disrespect in doing so.

release as a bar to the imposition of the surcharges. Unpersuaded by the co-executors' arguments, we affirm.

I.

The pertinent facts are well-known to the parties, are summarized in our prior opinion, id. at 2-4, and need not be repeated at length. We provide only those facts pertinent to our discussion of the issues presented.

Following the deaths of their parents in 2011 and 2012, Gregory and Thomas initially served as co-executors of their parents' estates, but they were removed as co-executors by court order in 2014, id. at 2-3, and replaced by administrator John G. Hoyle, III (Hoyle). The co-executors filed a Chancery Division action against Paul involving "non-probate assets and change of beneficiary claims."[2] Id. at 3. The co-executors averred that Paul exerted undue influence over Helen Hauke resulting in the wrongful transfer of monies to him and changes of her beneficiary designations on certain life insurance policies.

On the second day of trial in that matter, the parties reached a settlement. They agreed to a Consent Judgment and Stipulation of Settlement (the consent

---

[2] A fourth brother, Richard Hauke (Richard), was also a plaintiff in the Chancery Division action filed against Paul. Richard is not a participant in this appeal.

3

judgement), which was entered by the court.  Ibid.  They also executed a document titled "Mutual General Releases" (the release).

In pertinent part, the consent order required that Hoyle file his final accountings and proposed distribution schedule with the Monmouth County Surrogate's Office for the estates and trusts of Rudolph and Helen Hauke.  As part of the consent order, the co-executors and Paul "STIPULATED AND AGREED . . . the parties shall be permitted to file exceptions to the accountings pursuant to the New Jersey Court Rules and the parties further agree[d] they will not appeal the [c]ourt's ruling on the accountings and exceptions."

The release provided that Paul released the co-executors from any and all claims he might have against them, including "those of which [he] is not aware and those not specifically mentioned in [the] release."[3]  The release also covered any claim Paul could have asserted against the co-executors in the settled litigation or "as [the claim] relates to the subject of the Estate of Helen Hauke or the Estate of Rudolph Hauke or [their] respective trusts."  The release further included a covenant not to sue.

---

[3]  The release included an identical release of claims from the co-executors to Paul.  The co-executors' release of claims against Paul was not an issue before the Chancery Division and is not an issue on appeal.

A-4528-19

The release of claims is not without limitation. It provides that "[t]he parties retain the right to file exceptions to the Estate/Trust accountings pursuant to [the] New Jersey Court Rules and as provided in the" consent judgment.

In the release, the "parties agree[d] . . . they will not seek anything further from each other, including attorney's fees, costs or any other payments." However, the release includes an express and plainly stated exception to that covenant. In the release, the parties agree not to seek anything further from each other "except as permitted in [the consent judgment]." And, as noted, in the consent judgment the parties stipulated and agreed "the parties shall be permitted to file exceptions to the accountings pursuant to the New Jersey Court Rules."

As we explained in our prior opinion, Hoyle filed two separate formal accountings for the estates. Id. at 4. Paul filed exceptions to the accountings, and the co-executors filed a response to the exceptions. Id. at 4.

The court conducted a hearing over five days to address Hoyle's final accountings and Paul's exceptions. Ibid. During the hearing, the co-executors did not introduce the release in evidence. They instead waited until closing arguments, and then asserted for the first time that the release barred any relief based on Paul's exceptions. Paul's counsel objected to the argument, noting it

5

was not supported by any record evidence. The court sustained the objection, rejecting the co-executors' efforts to rely on a release that was not in evidence and was referenced for the first time during their counsel's summation.

In its final decision on the accountings, the court made detailed findings of fact and conclusions of law as to each of Paul's exceptions, accepting some and rejecting others. As a result of its acceptance of the exceptions, the court ordered surcharges against the co-executors.

The court entered the May 23, 2018 final judgment, which in pertinent part ordered Gregory to pay a $157,533.47 surcharge and Thomas to pay a $160,817.86 surcharge. The final judgment included a "JUDGMENT WORKSHEET," which listed, by numerical designation, each of the exceptions filed to the various schedules in Hoyle's accountings. The worksheet also identified which exceptions had been withdrawn by Paul. For the exceptions that were not withdrawn, the court separately listed the amount, if any, of the surcharges awarded against the co-executors based on the court's detailed findings in its bench opinion.[4]

---

[4] The court ordered the imposition of a single surcharge in the amount of $333.75 against Richard. One surcharge, in the amount of $2,831.91, was imposed on Gregory only. All the remaining surcharges ordered by the court were imposed against the co-executors.

A-4528-19

The court's final judgment on the accountings awarded Hoyle $41,748.09 in attorney's fees from the estates and trusts. The judgment also made provision for a future attorney's fee award to Hoyle based on the continuation of his duties as a fiduciary.

In addition, the court further awarded the estate a surcharge for attorney's fees incurred by Hoyle during his administration of the estates and trusts. As reflected in the worksheet attached to the final judgment, the court imposed the surcharge against the co-executors for an amount "to be awarded upon submission of [a] fee application."[5] In the court's final decision on the accountings, it explained that it imposed the surcharge for attorney's fees incurred by Hoyle because the "fees would not have been incurred by the estate but for the deliberate failures of [the co-executors] and the dereliction of their fiduciary duties." The court noted there was "no set amount" of the fees in the accountings, but the court "award[ed] that surcharge against [the co-executors]," and determined "the fees incurred by . . . Hoyle are to be surcharged against [the co-executors]." Pertinent to this appeal, neither the court's final judgment, nor

---

[5] In its decision from the bench and the worksheet annexed to its final judgment, the court referred to exception number "61" as the basis for the surcharge imposed for the attorney's fees incurred by Hoyle.

any part of its determination of the exceptions filed by Paul, reflects an award of attorney's fees in Paul's favor against the co-executors.

On the co-executors' appeal from the final judgment, we affirmed the court's decision on the merits. That is, we rejected the co-executors' challenges to the court's final judgement approving the final judgment and determining the exceptions and the amounts of the surcharges. In fact, we affirmed the court's findings and legal conclusions on the accountings and the exceptions, "substantially for the reasons expressed by the judge." Id. at 2.

We remanded the matter for limited issues unrelated to the court's determinations concerning the exceptions and approval of the accountings. We noted the "co-executors mainly contend[ed] that the [r]elease should have barred any surcharges against them," id. at 7, and we remanded for the trial court to consider whether the release barred Paul's filing of the exceptions that resulted in the surcharges, as well as Paul's argument the court correctly determined the co-executors waived their right to rely on the release. Id. at 10. We also noted "the co-executors let approximately twenty-three months elapse before their counsel brought the [r]elease to the [court's] attention." Id. at 9. And we explained "[t]he parties completely prepared themselves for trial," and the co-executors waited until closing argument to raise the release as an issue, and

"[e]ven then . . . did not provide the actual [r]elease agreement to the [court]." Ibid.

We also explained the parties made various arguments concerning whether the co-executors' delay in raising the release resulted in a waiver of their right to rely on it, and whether the release barred reliance on Paul's exceptions in imposing the surcharges. Id. at 10. We then found that based on the record presented, "we [were] unable to resolve all arguments as to the release," and we remanded "on [that] issue, and if appropriate, the determination whether sanctions for the co-executors delay in raising the issue are appropriate." Ibid.

On remand, the court accepted written submissions from the parties, heard argument, and, in a detailed and thorough opinion from the bench, determined the release did not bar Paul's filing of exceptions or the resultant surcharges imposed on the co-executors. The court also determined that even if the release otherwise barred the imposition of the surcharges, the release did not impact the court's final judgment approving the final accountings and surcharges because the co-executors waived their right to rely on the release by not raising it as a defense to the exceptions to the final accountings until their closing argument. The court entered an order finding the release "has no impact" on the final

9

judgment approving the final accountings and imposing the surcharges against the co-executors.

## II.

In their appeal from the court's order, the co-executors do not challenge the court's determination the release did not bar, and therefore did not have any impact on, Paul's filing of exceptions to the final accountings, the surcharges imposed, and the court's final judgment. At oral argument, the co-executors conceded the court correctly determined the release did not bar Paul's filing of the exceptions and the imposition of the surcharges as set forth in the final judgment and as reflected on the worksheet annexed to the judgment.

The co-executors' concession is not surprising. Based on our review of the record, there are no grounds supporting a reversal of the court's order, and we affirm it substantially for the reasons explained in the court's thorough and thoughtful opinion. To the extent the co-executors' brief on appeal argues the court erred in finding the release did not bar Paul's filing of exceptions or the imposition of the surcharges, it is without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

As their counsel explained during oral argument, the co-executors' claim on appeal is limited to the contention that the release barred an order directing

A-4528-19

that they pay Paul's attorney's fees.  The same argument was made in the co-executors' brief on appeal.  They contend the release did not permit Paul to make a claim against them for attorney's fees.  They claim the final judgment ordered they pay Paul's attorney's fees, and they argue that directive violates the terms of the release.  The co-executor's contend the remand court erred by not addressing whether the release barred Paul's claim for, and receipt of a judgment against them for, his attorney's fees.

The co-executors present an argument in search of a factual basis.  The final judgment does not include an attorney's fee award in Paul's favor against the co-executors.  In the co-executors' brief on appeal, they make frequent reference to a purported attorney's fee award in Paul's favor, but they do not cite to an order directing such an award.  See R. 2:6-2(a)(5) (requiring an appellant's brief to include "[a] concise statement of the facts material to the issues on appeal supported by references to the appendix and transcript"); see also Walters v. YMCA, 437 N.J. Super. 111, 120-21 (App. Div. 2014).

When asked during oral argument for a citation to the record for the purported attorney's fee award, co-executors' counsel could not provide one.  Additionally, our independent review of the record does not reveal an order directing that co-executors pay Paul's attorney's fees.  Indeed, in our decision on

11

their initial appeal, we summarized the co-executors' arguments challenging the court's approval of the final accountings, and the co-executors did not claim any error related to a purported award of attorney's fees to Paul.[6]

When asked during oral argument if there was any order for attorney's fees included with the court's final judgment, Paul's counsel pointed only to the final judgment's order awarding attorney's fees to Hoyle from the estate, and the surcharge the court imposed under the exception designated on the worksheet as "61." As we have explained, the court imposed that surcharge against the co-executors for attorney's fees due to Hoyle. Thus, it could not be properly construed as an attorney's fee award to Paul. However, even if it could, the co-executors conceded the release did not bar Paul from filling exceptions to the accountings, and the co-executors further conceded they do not challenge the validity of any of the imposed surcharges.

---

[6] The co-executors' notice of appeal in their initial appeal refers only to the May 23, 2018 final judgment, and their notice of appeal in this matter refers only to the remand court's August 13, 2020 order finding the release had no impact on the final judgment. Neither order includes an award of attorney's fees in Paul's favor against the co-executors. Thus, to the extent there exists a separate order awarding attorney's fees in Paul's favor against the co-executors, we may not properly review it. See Kornbleuth v. Westover, 241 N.J. 289, 298-99 (2020) (explaining an appellate court "review[s] 'only the judgment or orders designated in the notice of appeal" (quoting 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004))).

In sum, we discern no basis to reverse the remand court's order based on its alleged failure to consider if the release barred an award of attorney's fees to Paul. The co-executors failed to demonstrate any such order was entered, and the court did not err by failing to consider an issue lacking any support in the record. We therefore affirm the remand court's order.

For purposes of completeness, we note the co-executors also argue the remand court erred by finding they waived the right to rely on release because they raised the issue of the release—which was never admitted in evidence during the trial on the final accountings—for the first time in their closing arguments at trial. They contend that in our initial decision we reversed the trial court's decision sustaining Paul's objection to the co-executors' closing arguments based on the release, and that our remand therefore did not permit the court to address the waiver issue.

We disagree with the co-executors' interpretation of our remand order. As the court correctly recognized, our remand permitted consideration of both the waiver issue and whether the release barred Paul's filing of exceptions to the accountings and the resultant surcharges. In our prior decision, we noted the parties made various arguments—including whether the delay in raising the release resulted in a waiver and whether the release barred the filing of the

exceptions—and we found we were unable to resolve the arguments presented related to the release. We then remanded for the court to address "that issue," which included the parties' arguments concerning waiver. Thus, the remand court properly considered the waiver issue, and we affirm the court's determination the co-executors waived their right to rely on the settlement agreement during their closing argument for the reasons set forth in the court's opinion. The co-executors' arguments to the contrary are without sufficient merit to warrant any further discussion. R. 2:11-3(e)(1)(E).

We last address an issue raised during oral argument. Counsel for Paul asserted that pending before the trial court is a motion for the attorney's fees awarded to Hoyle as a surcharge against the co-executors in the final judgment under exception "61." Paul further asserts the remand court erred by failing to address the issue of sanctions as permitted in our remand order. Counsel argued the final judgment from which the initial appeal was taken, and the remand court's order, are therefore not final orders under R. 2:2-3(a)(1), and the matter should be remanded to the trial court to address those issues.

With regard to the remand court's alleged failure to address the issue of sanctions, Paul did not make an application for sanctions to the remand court. And we did not order the court to impose sanctions; our remand permitted the

court to address the issue and determine if sanctions were appropriate based on the co-executors' delay in raising the release issue at the trial on the final accountings. Estate of Rudolph Hauke, slip op. at 10. The court was not required to impose sanctions for which no request was made, and we therefore construe the remand order as final because no application for sanctions was presented. We also note Paul never sought a remand to the court to allow for the filing of a motion for sanctions, never moved to dismiss this appeal as interlocutory, and did not cross-appeal from the court's order based on a claim the court erred by failing to address the sanctions issue.

We are also not convinced any alleged issues related to the filing of a motion for Hoyle's attorney's fees pursuant to the surcharge imposed under exception "61" render the current appeal interlocutory. We reject the argument because the record is bereft of any evidence there are any open issues before the trial court concerning the final accountings, including issues related to the payment of Hoyle's attorney's fees as permitted by the trial court's ruling on exception "61."

We have noted that "if an appeal is improvidently filed before resolution of [an attorney's fees issue], the party seeking fees should move before this court for a limited remand, or for dismissal of the appeal as interlocutory." N.J. Mfrs.

15

Ins. Co. v. Prestige Health Grp., LLC, 406 N.J. Super. 354, 358 (App. Div. 2009). A failure to do so, results in that party losing their right to a review of the outstanding issue. See Shimm v. Toys from the Attic, Inc., 375 N.J. Super. 300, 304 (App. Div. 2005) (explaining that where a party perceives an order to be interlocutory and that party fails to "move for either for dismissal of the appeal or, in the alternative, for a temporary remand to the Law Division, pursuant to Rule 2:9-1(a), to have the undecided issues resolved" that party loses "its right to our review of its post appellate judgment motion" (citation omitted)).

We approved the final accountings in our initial decision, and there is no evidence Paul asserted the initial appeal was from an interlocutory order or moved to dismiss that appeal as interlocutory. Neither Paul nor the co-executors appealed from our initial decision. Our affirmance of the court's judgment approving the accountings is final, and, in our view, it is simply too late for Paul to argue our prior affirmance of the final accountings should be subject to a remand because there is an open issue as to the attorney's fees due Hoyle pursuant to the surcharge imposed under exception "61." Any such issues should have been raised in the prior appeal and will not be considered for the first time long after our decision affirming the court's final judgment.

A-4528-19

Our remand order does not require a different result. The remand was for the singular purpose of determining whether the release should be applied to bar the challenged surcharges. The remand was not for the purpose of revisiting the court's determination of the exceptions and amount of the surcharges. Paul's belated assertion there is an open issue related to the amount of a surcharge should have been asserted in the initial appeal, in a motion to dismiss the initial appeal as interlocutory, or in an appeal from our initial decision. Our initial decision affirming the accountings renders moot any purported issues related to the merits of the accountings and the amount of any surcharges. Thus, there cannot be any open issues in the trial court related to the amount of a surcharge because all the issues related to the surcharges that were properly presented, or that could have been properly presented, were encompassed by our initial decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION