937 A.2d 1020 (2008)
397 N.J. Super. 451
Noel GOWRAN, Plaintiff
v.
WAWA, INC. and Countryway Insurance Company, Defendants.
Robert Wood Johnson University Hospital, Third-Party Plaintiff/Appellant,
v.
Noel Gowran, Third-Party Defendant/Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted December 17, 2007.
Decided January 10, 2008.
*1021 Celentano, Stadtmauer & Walentowicz, Clifton, for appellant (Eric J. Plantier, on the brief).
Respondent did not file a brief.
Before Judges A.A. RODRÍGUEZ, C.S. FISHER, and C.L. MINIMAN.
The opinion of the court was delivered by
C.S. FISHER, J.A.D.
In this appeal, we hold that an intervenor was not required to personally serve a third-party complaint that sought relief from plaintiff, but was only required to serve the pleading on plaintiff's attorney of record.
Plaintiff Noel Gowran filed a complaint against defendant Wawa, Inc., in which he sought damages for personal injuries allegedly sustained while a patron of defendant's convenience store in East Brunswick. Robert Wood Johnson University Hospital (the hospital) treated Gowran for his injuries, but its bill for these services went unpaid; as a result, the hospital moved to intervene in order to pursue a claim against Gowran. That motion was granted, and the hospital filed a third-party complaint naming Gowran as third-party defendant.
The third-party complaint was served only upon Gowran's attorney of record. When Gowran failed to respond, the hospital requested the entry of Gowran's default. The clerk refused, stating that the hospital was required to personally serve Gowran with its third-party complaint. The hospital chose instead to file a motion seeking the entry of default. The trial judge denied that unopposed motion for the reasons stated in a handwritten notation on the order: "Because this is an intervenor situation, personal service on the third-party defendant is required."
We granted the hospital's motion for leave to appeal to consider whether the hospital was required to personally serve Gowran or whether it was sufficient for the hospital to serve Gowran's attorney of record with the third-party complaint. We conclude that the trial judge mistakenly interpreted the court rules and vacate the order denying the hospital's motion for the entry of default.
The court rules regarding service of process are designed to ensure that a party is haled into court in a manner commensurate with the principles of due process. See, e.g., Citibank, N.A. v. Estate of Simpson, 290 N.J.Super. 519, 528, 676 A.2d 172 (App.Div.1996). Personal service is the "primary method of obtaining in personam jurisdiction," R. 4:4-4(a), but personal service is not necessary when the circumstances reveal that the court may fairly exercise in personam jurisdiction over a party, such as when that party has already appeared in the action, as here. As held in Englander v. Jacoby, 132 N.J.Eq. 336, 340, 28 A.2d 292 (Ch.1942), "[a] party who appears in a cause submits himself to its jurisdiction in respect to those outreaches of the case which are reasonably to be anticipated." Stated another way, by having demanded relief in our courts, Gowran has no valid basis for arguing there is something "arbitrary or unreasonable in treating him as being there" for all other purposes. Mueller v. Eucenham, 33 N.J.Super. 156, 162, 109 *1022 A.2d 462 (App.Div.1954). "It is the price which the state may exact as the condition of opening its courts to the plaintiff." Adam v. Saenger, 303 U.S. 59, 68, 58 S.Ct. 454, 458, 82 L.Ed. 649, 655 (1938).[1]
In contending that it was not required to effect personal service on Gowran, the hospital correctly relied on R. 1:5-1(a), which states that "[i]n all civil actions, unless otherwise provided by rule or court order, . . . pleadings subsequent to the original complaint . . . shall be served upon all attorneys of record in the action." The "original complaint" here was Gowran's complaint and not, as the trial judge appears to have concluded, the hospital's third-party complaint.
R. 1:5-1(a) sensibly renders it unnecessary for a party to go to the trouble and expense of effecting service of process upon a party who has already appeared in the action. Here, Gowran commenced this action through counsel. Service of any and all further pleadings could be effected in a manner commensurate with the principles of due process by service upon his attorney of record. That is precisely the manner in which the hospital served Gowran with its third-party complaint, and that is all that our rules require in this circumstance.
The order under review is vacated, and the matter is remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.
NOTES
[1] Gowran has not argued to the contrary. Indeed, Gowran did not oppose the hospital's motion for the entry of default and has not filed a brief in this appeal.