967 A.2d 911 (2009)
406 N.J. Super. 354
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, New Jersey Re-Insurance Company, and New Jersey Indemnity Insurance Company, Plaintiffs-Respondents,
v.
PRESTIGE HEALTH GROUP, LLC, Advanced Health Group, LLC, and Paul Babitz, D.C., Defendants-Appellants, and
Ophelia Cain a/k/a Denise Adams Cain, Defendant.
DOCKET NO. A-1616-07T1.
Superior Court of New Jersey, Appellate Division.
Submitted March 16, 2009.
Decided April 6, 2009.
*912 The Rivkind Law Firm, for appellants (Shari A. Rivkind, Wayne, on the brief).
Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, Newark, for respondents (Jonathan M. Kuller and Anthony J. Golowski, II, of counsel; Evelyn R. Storch, on the brief).
Before Judges CARCHMAN, SABATINO and SIMONELLI.
The opinion of the court was delivered by
SIMONELLI, J.A.D.
Defendants Prestige Health Group, LLC, Advanced Health Group, LLC and Paul Babitz, D.C. appeal from the April 27, 2007 order denying their motion for reconsideration of the March 30, 2007 order denying their motion to vacate default. Defendants also appeal from the entry of final judgment. We reverse and remand for further proceedings.
The following facts are pertinent to our review. On June 23, 2005, defendant Paul A. Babitz, D.C. appeared for a pre-litigation examination under oath in connection with what thereafter became a Law Division action filed by plaintiffs against Babitz and numerous other medical providers. During that examination, plaintiffs were represented by the law firm representing them in this matter. Babitz was represented by Bradley J. Weil, Esq., of the Rivkind and Weil[1] law firm.
On September 19, 2005, plaintiffs filed a verified complaint and order to show cause in this matter. They alleged insurance fraud in connection with personal injury protection (PIP) claims, in particular with respect to referrals and billings for electromyography (EMG), nerve conduction velocity (NCV) tests and chiropractic services. Plaintiffs sought, among other things, declaratory relief, compensatory and treble damages, and attorneys' fees and costs. They also sought injunctive relief in the form of a stay of pending PIP *913 arbitrations and the filing of new PIP arbitrations.
Plaintiffs served the verified complaint and order to show cause on defendants on October 6 and 7, 2005. On or about November 11, 2005, defendants appeared in this matter and opposed the order to show cause. Thereafter, Weil communicated with the court and with plaintiffs' counsel in his capacity as counsel of record for defendants.
On December 2, 2005, default was entered against defendants for failure to file an answer (the first default). Apparently unaware that this had happened, Weil continued representing defendants in this matter. He filed motions and continued communicating with the court and with plaintiffs' counsel as counsel of record for defendants.
With notice to Weil, on or about May 10, 2006, plaintiffs requested a proof hearing. In response, Weil filed a motion to vacate the first default, which plaintiffs did not oppose. Weil included with the motion papers a proposed answer, case information statement and check for the filing fee. The motion was granted by order entered on July 11, 2006 (the July 11 order). The order did not indicate that any further action was necessary to file the answer. The clerk's office cashed the check for the filing fee, but did not file the answer.
On October 25, 2006, plaintiffs filed an amended complaint without leave of court. They served it on defendants on November 13, 2006, but not on Weil. Because defendants assumed that plaintiffs had also served Weil, they never advised him of their receipt of the amended complaint. However, the litigation continued, with Weil filing and opposing additional motions and continuing to communicate with the court, and with plaintiffs' counsel, as attorney of record for defendants.
Notwithstanding defendants' appearance in this matter, and plaintiffs' knowledge that Weil was acting as defendants' counsel of record throughout these proceedings, on December 21, 2006, plaintiffs filed a request to enter default without notice to Weil or defendants. Default was entered in January 2007 (the second default). A proof hearing was scheduled for February 21, 2007.
Weil filed a timely motion to vacate the second default. He included with the motion papers a proposed answer, a case information statement and the filing fee. The motion judge entered an order on March 30, 2007, denying the motion. The judge concluded that defendants failed to answer the original complaint and failed to assert a meritorious defense. By order, entered on April 27, 2007, the judge denied defendants' motion for reconsideration. Defendants then sought leave to appeal, which we denied on June 12, 2007.
After a proof hearing, on October 25, 2007, a different judge entered a final judgment against defendants. However, the judge reserved on the issue of counsel fees and costs, permitting plaintiffs' counsel to file an application within the time prescribed by Rule 4:49-2.
Defendants filed an appeal on December 7, 2007, before resolution of the fee issue. On December 11, 2007, the judge entered an amended judgment, awarding fees and costs to plaintiffs (the amended judgment). Plaintiffs contend that we lack jurisdiction to consider this appeal, and that the appeal is moot, because defendants appealed only from the original judgment, not the amended judgment. We disagree.
Appeals as of right may be taken from a final judgment entered by the trial court within forty-five days. R. 2:2-3(a)(1); R. 2:4-1(a). The time for appeal will be tolled until resolution of a timely filed and *914 served motion under Rule 4:49-2, to alter or amend the judgment. R. 2:4-3(e).
To be considered final and appealable as of right, a judgment must resolve all issues as to all parties. Janicky v. Point Bay Fuel, Inc., 396 N.J.Super. 545, 549-50, 935 A.2d 803 (App.Div.2007). An order is interlocutory, and not final, if it does not dispose of counsel fees issues. Marx v. Friendly Ice Cream Corp., 380 N.J.Super. 302, 305 n. 3, 882 A.2d 374 (App.Div.2005); Sprenger v. Trout, 375 N.J.Super. 120, 125, 866 A.2d 1035 (App. Div.2005); Shimm v. Toys From The Attic, Inc., 375 N.J.Super. 300, 304, 867 A.2d 1204 (App.Div.2005); Gen. Motors Corp. v. City of Linden, 279 N.J.Super. 449, 454-56, 653 A.2d 568 (App.Div.1995), rev'd on other grounds, 143 N.J. 336, 671 A.2d 560 (1996). However, if an appeal is improvidently filed before resolution of such issue, the party seeking fees should move before this court for a limited remand, or for dismissal of the appeal as interlocutory. Shimm, supra, 375 N.J.Super. at 304, 867 A.2d 1204.
If an order is interlocutory, upon good cause shown and an absence of prejudice, we may "[g]rant leave to appeal as within time from an interlocutory order, decision or action, provided that the appeal was in fact taken within the time for appeals from judgments, decisions or actions." R. 2:4-4(b)(2).
Notwithstanding defendants' procedural misstep, plaintiffs did not move before this court for a limited remand, they did not move to dismiss the appeal as interlocutory,[2] and they show no prejudice. Also, defendants filed their appeal within the forty-five day time period. R. 2:4-4(b)(2). Under these circumstances, we exercise discretion and grant leave to appeal as within time.
We now turn to the merits of this appeal. Defendants first contend that plaintiffs were not entitled to entry of the second default because they did not serve the amended complaint on Weil, as required by Rule 1:5-1. We agree.

Rule 1:5-1(a) provides, in relevant part:
In all civil actions, unless otherwise provided by rule or court order, orders, judgments, pleadings subsequent to the original complaint, written motions (not made ex parte), briefs, appendices, petitions and other papers except a judgment signed by the clerk shall be served upon all attorneys of record in the action and upon parties appearing pro se. [(Emphasis added).]
There is no question that Weil became defendants' attorney of record upon the filing of defendants' opposition to the order to show cause. He continued as defendants' attorney of record throughout these proceedings. Accordingly, Rule 1:5-1(a) mandated service of the amended complaint on him. See also Gowran v. Wawa, Inc., 397 N.J.Super. 451, 453-54, 937 A.2d 1020 (App.Div.2008) (service of third-party complaint by intervenor is made upon the attorney of record).
Plaintiffs' failure to serve Weil with the amended complaint precluded them from obtaining the second default. Thus, the trial judge should have granted defendants' motion to vacate the second default and permitted them to file an answer to the amended complaint.
Further, the requirements for setting aside a default under Rule 4:43-3 are less stringent than the those for setting aside an entry of default judgment under *915 Rule 4:50-1. Bernhardt v. Alden Café, 374 N.J.Super. 271, 277, 864 A.2d 421 (App.Div.2005). A mere showing of good cause is required for setting aside an entry of default. R. 4:43-3. We conclude that the procedural circumstances of this case present good cause to vacate the second default under Rule 4:43-3. Defendants submitted a proposed answer and the appropriate filing fee along with their motion to vacate the first default. The motion was granted and the July 11 order required no further action to file the answer.[3] Under these circumstances, the answer should have been deemed filed and the second default should have been vacated.
We need not address other issues raised, except one. Evidence presented at the proof hearing indicated that a fifteen-year-old, certified to perform NCV tests, performed such tests for a fee charged to Babitz. The trial judge took judicial notice under N.J.R.E. 201 that this was inappropriate. Defendants have appealed that determination.
N.J.S.A. 45:9-5.2(a) prohibits anyone not licensed to practice medicine and surgery from performing NCV tests. The Board of Chiropractic Examiners adopted N.J.A.C. 13:44E-3.2, which only permits a licensed chiropractor with a certificate of competency to perform NCV tests with certain limitations. However, the statute and regulation became effective after the NCV tests at issue here. On the other hand, the Board of Medical Examiners adopted N.J.A.C. 13:35-2.6(b) and (c)(2)(iii), which addresses limitations on a licensed individual's right to perform NCV tests. The language of this regulation relating to NCV tests pre-dated the NCV tests at issue here. Because the statute and regulations were not clear as to whether an allegedly trained fifteen-year-old could perform the NCV tests, judicial notice was improper. This issue may be further developed with proofs and legal arguments on remand.
The order denying defendants' motion to vacate the second default and the order denying their motion for reconsideration are reversed, the amended judgment is vacated and the matter is remanded for further proceedings consistent with this opinion.
NOTES
[1] Rivkind and Weil changed its name and is currently The Rivkind Law Firm.
[2] Plaintiffs filed a motion to dismiss the appeal, but only because defendants failed to file the second volume of a trial court transcript. We denied that motion.
[3] An amendment to Rule 4:43-3 now permits the prompt entry of the answer into the Automated Case Management System when the court grants a motion to set aside a default.