**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4231-16T3

ROSANNA GOMEZ,

      Plaintiff-Respondent,

v.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

      Defendant-Appellant.

_____

Submitted March 14, 2018 – Decided December 7, 2018

Before Judges Fuentes and Koblitz.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. DC-008662-16.

Law Offices of Viscomi & Lyons, attorney for appellant (Emily S. Barnett, on the brief).

Bramnick, Rodriguez, Grabas, Arnold & Mangan, attorneys for respondent (Brian J. Trembley, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Defendant Liberty Mutual Fire Insurance Company (Liberty) appeals from an order of the Special Civil Part denying its motion to vacate a default judgment entered against it, in favor of plaintiff Rosanna Gomez, in the amount of $16,641.79. Liberty argues the court erred in denying its motion to vacate the judgment pursuant to Rule 4:50-1(a), because it established excusable neglect for its failure to file a timely responsive pleading and has a meritorious defense to the underlying action. Plaintiff argues the court properly exercised its discretionary authority to deny Liberty's motion. We reverse. The record developed before the Special Civil Part shows the motion judge did not apply the correct legal standard in his decision to deny Liberty's motion to vacate the default judgment.

This case arises from a motor vehicle accident. On June 6, 2012, a Queen City Yellow Taxi driven by Jacinjo Morela collided with the car directly in front of it, causing a chain-reaction that ultimately involved three other vehicles. Plaintiff Rosanna Gomez was a passenger in one of the three vehicles involved in the accident. The car she was in was driven by Jorge Vilacis and owned by Bertha Garces.

On September 19, 2013, plaintiff filed a personal injury suit against all of the tortfeasors involved in the accident. She alleged the accident injured her

A-4231-16T3

neck, back, and shoulders. Liberty insured Garces's car. Pinelands Insurance Company insured Jacinjo Morela. Plaintiff's counsel did not serve Liberty with a copy of the complaint at the commencement of the action.

At a settlement conference held on June 8, 2015, plaintiff reached an agreement with the tortfeasors to settle the case for $22,500. On August 25, 2015, Pinelands Insurance Company went into liquidation and did not pay the $22,500 settlement. The Liberty insurance policy that covered plaintiff's host vehicle provided $15,000 of uninsured motorist (UM) benefits. On September 19, 2016, plaintiff filed a complaint against Liberty in the Special Civil Part seeking UM benefits under Garce's Liberty policy. The following day, Liberty received a copy of plaintiff's summons and complaint without a court-assigned docket number.

Court records show the Special Civil Part Manager attempted to serve Liberty with the summons and complaint on two separate occasions. The process documents were returned marked "unserved" on October 17, 2016. The Case Manager mailed the summons and complaint to Liberty on November 19, 2016. Court records show the Case Manager received proof of service from the United States Postal Service on December 9, 2016. Pursuant to Rule 6:3-1, a defendant has thirty-five days to file a responsive pleading. Court records show,

however, that the Special Civil Part Manager entered default against Liberty on December 30, 2016, only twenty-one days after service by mail.

In a transmittal letter dated January 17, 2017 addressed to the Special Civil Part motions clerk, the firm retained by Liberty moved to vacate the entry of default and extend the time to file an answer. Defense counsel simultaneously served plaintiff with interrogatories, demand for production of documents, including a release for medical records, notice of deposition, and a demand for plaintiff to submit to an independent medical examination. These documents were date stamped received by the court on January 18, 2017. However, Special Civil Part records show they were not uploaded to the court's database until February 15, 2017. Plaintiff filed opposition to the motion to vacate. Liberty claims the court mistakenly separated the motion papers and returned the answer as untimely. This required counsel to refile the original motion to vacate default on February 2, 2107.

The matter came on for oral argument on February 27, 2017. Liberty's counsel argued the clerical error made by the Special Civil Part Manager caused the original motion to be viewed as untimely. Despite the indisputable evidence supporting Liberty's position, the motion judge found Liberty did not submit a proposed answer with the original motion to vacate.

It is well-established that "the opening of default judgments should be viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283-84 (1994) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319, (App. Div. 1964)). Under Rule 4:50-1(a), a party seeking to vacate a default judgment must show: (1) excusable neglect under the circumstances; and (2) a meritorious defense, either refuting liability to the cause of action itself or to the quantum of damages assessed. Franzblau Dratch, PC v. Martin, 452 N.J. Super. 486, 491 (App. Div. 2017). A decision to grant or deny a motion to vacate default is left to the sound discretion of the motion judge. Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993). A judge abuses this discretionary authority when the judge applies an incorrect legal standard or intentionally or mistakenly ignores the material facts of a case. New Jersey Div. of Youth & Family Servs. v. M.G., 427 N.J. Super. 154, 171-72 (App. Div. 2012).

Here, the motion judge incorrectly found Liberty filed an untimely motion to vacate, unsupported by a responsive pleading, in violation of the requirements of Rule 4:43-3. The record shows, however, that the Special Civil Part Manager incorrectly declared Liberty in default on December 30, 2016, merely twenty-

5

one days after it was served with process by mail. Pursuant to <u>Rule</u> 6:3-1, a defendant in a Special Civil Part action has thirty-five days to file a responsive pleading. This threshold clerical error is sufficient, as a matter of law, to establish excusable neglect by Liberty.

The Special Civil Part compounded this error when it misplaced Liberty's original motion to vacate default filed on January 17, 2017. At this juncture of the litigation, the applicable standard is codified in <u>Rule</u> 4:43-3, which only requires a "mere showing of good cause . . . for setting aside an entry of default." <u>N.J. Mfrs. Ins. Co. v. Prestige Health Grp., LLC</u>, 406 N.J. Super. 354, 360 (App. Div. 2009). Specifically:

> A party's motion for the vacation of an entry of default shall be accompanied by (1) either an answer to the complaint and Case Information Statement or a dispositive motion pursuant to <u>Rule</u> 4:6-2, and (2) the filing fee for an answer or dispositive motion, which shall be returned if the motion to vacate the entry of default is denied. For good cause shown, the court may set aside an entry of default and, <u>if a judgment by default has been entered</u>, may likewise set it aside in accordance with <u>Rule</u> 4:50.
>
> [<u>Rule</u> 4:43-3 (emphasis added).]

Here, a default judgment had not been entered at the time Liberty filed its timely motion to vacate the default the Special Civil Part precipitously entered fourteen days before it was due, in violation of <u>Rule</u> 6:3-1. The record also

6

shows that notwithstanding the motion judge's unsupported factual findings, defense counsel's January 17, 2017 motion to vacate default was in full compliance with the requirements of <u>Rule</u> 4:43-3. In this light, we vacate the default judgment entered against Liberty and remand this matter for such further proceedings as may be warranted.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4231-16T3