**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3361-17T1

HSBC BANK USA,
NATIONAL ASSOCIATION AS
TRUSTEE FOR WELLS FARGO
ASSET SECURITIES
CORPORATION, MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2007-14,

     Plaintiff-Respondent,

v.

DEBORA A. SCHMIDT and
JAMES T. SCHMIDT,

     Defendants-Appellants.

_____

Submitted February 11, 2019 – Decided May 23, 2019

Before Judges Haas and Sumners.

On appeal from Superior Court of New Jersey, Chancery Division, Morris County, Docket No. F-008075-17.

Elizabeth Tandy Foster, attorney for appellants.

Reed Smith, LLP, attorneys for respondents (Henry F. Reichner, of counsel and on the brief).

PER CURIAM

Defendants Debora A. Schmidt and James T. Schmidt appeal from the February 16, 2018 Final Judgment of Foreclosure in favor of plaintiff HSBC Bank USA, National Association as Trustee For Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-14. They contend that the Chancery judge erred in entering his order of January 31, 2018, which denied their cross-motion to vacate default. Having carefully reviewed the arguments raised in light of the record and applicable law, we affirm.

We discern the following factual and procedural history from the pleadings and motion record. In August 2007, defendants entered into a non-purchase money mortgage with Wells Fargo Bank, encumbering their residence in Randolph. The mortgage was subsequently recorded in September 2007. Over five years later, the parties entered into a loan modification agreement in December 2012. The mortgage encumbering the property was later assigned to plaintiff.

Defendants' loan went into default on August 1, 2016, due to non-payment. Plaintiff then filed a foreclosure complaint against defendants in March 2017. Following service of the foreclosure complaint, defendants filed a

Rule 4:6-2(e) motion to dismiss the complaint in lieu of an answer. The motion, supported by a certification of their counsel, contended that defendants filed an action in federal district court two weeks earlier, involving the same issues and, therefore, in the interest of comity and judicial economy, the foreclosure complaint should be dismissed or stayed.

On June 21, the Chancery judge executed an order denying the motion. However, for reasons that are unstated in the record, the order was marked filed on August 21. In his statement of reasons attached to the order, the judge explained that "in view of the quasi in rem nature of the foreclosure proceedings, . . . the matters are not substantially similar . . . . [T]he parties are different and the rights and claims being invoked are not substantially similar." At plaintiff's request, two days after the order was filed, default was entered on August 23, due to defendants' failure to file an answer to the foreclosure complaint.

To continue its foreclosure efforts, plaintiff filed a motion for final judgment on October 5. Apparently, defendants were unaware that their motion to dismiss was denied in the order filed on August 21, and that default was entered against them on August 23, until they received plaintiff's motion. They opposed the motion to enter final judgment, followed by their cross-motion to vacate default and extend time to answer the foreclosure complaint.

3

On January 31, 2018, the Chancery judge entered an order granting the motion for final judgment and denied the cross-motion to vacate default. In his statement of reasons attached to the order, the judge stated that the later motion was denied, despite defendants showing good cause for not filing an answer as they were not made aware of the denial of their motion to dismiss, because they did not establish a meritorious defense to the foreclosure complaint as required by Rule 4:43-3. The judge noted that under Great Falls Bank v. Pardo, 236 N.J. Super. 388, 394 (Ch. Div. 1993), "[t]he only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Because defendants' motion was supported by a certification by their counsel, who did not have personal knowledge of the facts as required by Rule 1:6-6, the judge determined that defendants raised no meritorious defenses to support their motion to vacate default. The judge then set forth his reasons under Rules 4:64-1 and -2, for granting entry of Final Judgment.

On appeal, defendants argue:

> [POINT I]
>
> THE HOMEOWNERS' FAILURE TO PUT IN AN AFFIDAVIT SHOULD NOT VITIATE THEIR RIGHT TO ANSWER THE COMPLAINT[.]

[POINT II]

THE BANK, NOT THE HOMEOWNER, IS REQUIRED TO PROVIDE THE INFORMATION AS TO THE PROPER AMOUNT DUE UNDER THE LOAN, AND THE NUMBER PROVIDED IS INCORRECT[.]

[POINT III]

ALICIA BARKSDALE, WHO SIGNED A CERTIFICATION OF THE AMOUNT DUE, ETC., LACKS KNOWLEDGE ADEQUATE TO CERTIFY THE LOAN[.] (NOT RAISED BELOW)

[POINT IV]

THE BANKS ARE DEFRAUDING THE GOVERNMENT BY ASSIGNING THE LOAN TO A CLOSED TRUST[.] (NOT RAISED BELOW)

[POINT V]

ROBO SIGNING PROBLEMS WITH JOHN KEALY'S SIGNATURES[.] (NOT RAISED BELOW)

Initially, we point out that defendants' arguments in Points III, IV and V were not raised before the Chancery judge and will not be considered on appeal because they do not "go to the jurisdiction of the trial court or concern matters of great public interest." Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

As for our standard of review, we review the denial of a motion to vacate default based on an abuse of discretion standard.  See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).  Pursuant to Rule 4:43-3, a court may vacate the entry of default upon "good cause shown."  "[T]he requirements for setting aside a default under Rule 4:43-3 are less stringent than . . . those for setting aside an entry of default judgment under Rule 4:50-1."  N.J. Mfrs. Ins. Co. v. Prestige Health Grp., LLC, 406 N.J. Super. 354, 360 (App. Div. 2009).  "[G]ood cause . . . requires the exercise of sound discretion by the court in light of the facts and circumstances of the particular case."  O'Connor v. Altus, 67 N.J. 106, 129 (1975) (citation omitted).

In considering whether good cause exists, courts generally consider the movant's "absence of any contumacious conduct" and the presence of a meritorious defense.  Ibid.  In particular, "the showing of a meritorious defense is a traditional element necessary for setting aside both a default and a default judgment . . . ."  Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:43-3 (2019).  As with a motion to vacate a default judgment, there is no point in setting aside an entry of default if the defendant has no meritorious defense. "The time of the courts, counsel and litigants should not be taken up by such a

A-3361-17T1

futile proceeding." Guillaume, 209 N.J. at 469 (citation omitted). We have noted,

> This is especially so in a foreclosure case where the mere denominating of the matter as a contested case moves it from the expeditious disposition by the Office of Foreclosure in the Administrative Office of the Courts, R. 1:34-6 and R. 4:64-1(a), to a more protracted treatment by the Chancery Division providing discovery and raising other problems associated with trial calendars. If there is no bona fide contest, a secured creditor should have prompt recourse to its collateral.
>
> [Trs. of Local 478 Trucking & Allied Indus. Pension Fund v. Baron Holding Corp., 224 N.J. Super. 485, 489, (App. Div. 1988).]

Guided by these principles, we cannot conclude that the Chancery judge abused his discretion in denying defendants' motion to vacate default because of his determination that they failed to set forth a meritorious defense to the foreclosure complaint in accordance Rules 1:6-6 and 4:43-3. Consequently, we affirm substantially for the reasons expressed in his thoughtful statement of reasons. To the extent we have not specifically addressed arguments raised by defendants, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION