**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2924-18T3

THE BANK OF NEW YORK
MELLON, f/k/a THE BANK
OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATE
HOLDERS CWALT, INC.,
ALTERNATIVE LOAN TRUST
2004-14T2, MORTGAGE PASS-
THROUGH CERTIFICATES,
SERIES 2004-14T2,

     Plaintiff-Respondent,

v.

JANET FONTANA and FRANCIS
S. CUTRUZZULA, w/h, each of
their heirs, devisees, and his, her,
their or any of their successors in
right, title and interest,

     Defendants-Appellants,

and

UNITED STATES OF AMERICA
and INFINITI BUSINESS
PRODUCTS CORP.,

     Defendants.

_____

Submitted December 3, 2019 – Decided January 2, 2020

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-027513-17.

Hinman, Howard & Kattell, LLP, attorneys for appellants (Kevin J. Bloom, on the brief).

KML Law Group, PC, attorneys for respondent (Ujala Aftab, on the brief).

PER CURIAM

Defendants Janet Fontana and Francis Cutruzzula appeal from an August 24, 2018 Chancery Division order denying their motion to vacate default. We affirm.

On March 12, 2003, Fontana executed a note in favor of Countrywide Home Loans (Countrywide) in the principal amount of $640,000.00.[1] The note required Fontana to pay monthly installments of $4331.80, with a December 1, 2033 maturity date. Fontana's obligation under the note was secured by a mortgage in favor of Countrywide. The mortgage was recorded in the Bergen County Clerk's office.

---

[1] On May 8, 2019, in the final judgment for foreclosure, the court ordered the mortgage reformed to include Fontana's husband, Cutruzzula.

A-2924-18T3

In November 2003, Countrywide assigned the mortgage to the Bank of New York (BNY). The assignment of mortgage was recorded on May 10, 2005 in the Bergen County Clerk's office. On August 1, 2009, Fontana defaulted under the terms of the note and mortgage by failing to make a required payment. On June 9, 2009, BNY assigned the mortgage to the Bank of New York Mellon (Mellon).

On December 8, 2017, Mellon filed a foreclosure complaint against defendants.[2] On December 12, 2017, Mellon served defendants with the complaint. Defendants never filed a responsive pleading. On February 23, 2018, Mellon filed a request to enter default, which the court entered on March 2, 2018. On August 1, 2018, defendants filed a motion to vacate default, which Mellon opposed.

On August 24, 2018, the motion judge denied defendants' motion and issued a written opinion setting forth the reasons for her decision. The judge found Mellon adequately served defendants, who unsuccessfully explained why they did not respond for "almost five months after default was entered." Defendants attempted to explain their inaction by arguing there was "confusion as to why the instant foreclosure proceeding was initiated after [Mellon] voluntarily dismissed an earlier

---

[2] Two prior foreclosure actions against defendants were dismissed without prejudice on September 13, 2013 and October 12, 2016.

foreclosure proceeding without prejudice." The judge rejected defendants' explanation and ruled they failed to demonstrate good cause.

I

We review the denial of a motion to vacate default based on an abuse of discretion standard. See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). Pursuant to Rule 4:43-3, we may vacate the entry of default upon "good cause shown." "[T]he requirements for setting aside a default under Rule 4:43-3 are less stringent than . . . those for setting aside an entry of default judgment under Rule 4:50-1." N.J. Mfrs. Ins. Co. v. Prestige Health Grp., LLC, 406 N.J. Super. 354, 360 (App. Div. 2009). "[G]ood cause . . . requires the exercise of sound discretion by the court in light of the facts and circumstances of the particular case." O'Connor v. Altus, 67 N.J. 106, 129 (1975) (citation omitted).

In considering whether good cause exists, we generally consider the movant's "absence of any contumacious conduct" and the presence of a meritorious defense. Ibid. In particular, "the showing of a meritorious defense is a traditional element necessary for setting aside both a default and a default judgment . . . ." Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:43-3 (2019). As with a motion to vacate a default judgment, there is no point in setting aside an entry of default if the defendant has no meritorious defense. "The time of the courts, counsel and litigants

should not be taken up by such a futile proceeding." Guillaume, 209 N.J. at 469 (citation omitted). We have previously noted:

> This is especially so in a foreclosure case where the mere denominating of the matter as a contested case moves it from the expeditious disposition by the Office of Foreclosure in the Administrative Office of the Courts, R. 1:34-6 and R. 4:64-1(a), to a more protracted treatment by the Chancery Division providing discovery and raising other problems associated with trial calendars. If there is no bona fide contest, a secured creditor should have prompt recourse to its collateral.
>
> [Trs. of Local 478 Trucking & Allied Indus. Pension Fund v. Baron Holding Corp., 224 N.J. Super. 485, 489 (App. Div. 1988).]

In a foreclosure action, a meritorious defense must challenge the validity of the mortgage, the amount due thereon, or the right of the plaintiff to foreclose. See Joan Ryno, Inc. v. First Nat'l Bank of S. Jersey, 208 N.J. Super. 562, 570 (App. Div. 1986); Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993).

In order to have standing to foreclose, a party "must own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). Absent "a showing of such ownership or control, [a] plaintiff lacks standing to proceed with the foreclosure action and the complaint must be dismissed." Ibid. (quoting Ford, 418 N.J. Super. at 597).

A-2924-18T3

An assignee can establish standing to foreclose by presenting a properly "authenticated assignment indicating that it was assigned the note before it filed the original complaint." Id. at 225. Therefore, a plaintiff has the right to pursue foreclosure if it had "either possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).

The motion judge found defendants conceded they had adequate notice of the foreclosure action and therefore had the burden of showing good cause. The judge ruled defendants presented an inadequate defense because they simply alleged they were confused why Mellon filed the current proceeding against them, after filing two prior suits that were dismissed without prejudice. The judge rejected that argument and found defendants failed to show good cause because they did not set forth specific facts supporting a meritorious defense.

Defendants failed to explain how the without-prejudice dismissal of Mellon's previous complaints constitutes a viable defense; instead, they simply argue that policy considerations demand the granting of their motion. Mellon filed two separate foreclosure actions that were dismissed without prejudice in 2013 and 2016. Nonetheless, defendant had a legal obligation to answer Mellon's 2017 complaint.

6

Defendants also argued the previous foreclosure actions Mellon filed did not stem from the same default dates to support their defense of confusion. However, defendants simply may have defaulted on multiple different dates. Importantly, defendants do not contest that they defaulted in August 2009, which is the date of the current foreclosure action. Therefore, we find this argument meritless because defendants still defaulted in the current suit filed against them and failed to oppose the complaint in a timely manner.

Lastly, defendants assert they sought to challenge whether Mellon was the actual holder of the note and mortgage, which is essentially a standing argument. The record defendants provided indicates NYB transferred the note and mortgage to Mellon on June 9, 2009. Therefore, Mellon proved it had standing because it filed the action under review on December 18, 2017, after it came into possession of the note. Angeles, 428 N.J. Super. at 318. Defendants failed to set forth any specific facts as to why Mellon is not the holder of the note and mortgage.

In summary, we conclude defendants failed to advance a meritorious defense to the foreclosure complaint in accordance with Rules 1:6-6 and 4:43-3. Accordingly, the motion judge properly exercised her discretion in denying defendants relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2924-18T3