**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3789-18T3

SAHIL PATEL and JOSEPH
KALAMARAS,

     Plaintiffs-Respondents,

v.

AMERICAN EXCHANGE LOANS,
LLC,

     Defendant,

and

EUGENE SHNAYDERMAN,
ASSOCIATED SALES AND
LEASING, INC, and ASSOCIATED
HOLDING ENTERPRISES, LLP,

     Defendants-Appellants.

_____

Submitted May 13, 2020 – Decided June 5, 2020

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. C-000034-19.

Bedwell & Pyrich, LLC, attorneys for appellants (Anthony M. Bedwell and Alissa Pyrich, of counsel and on the briefs).

Jones, Wolf & Kapasi, LLC, attorneys for respondents (Joseph K. Jones and Anand Anil Kapasi, on the brief).

PER CURIAM

Defendants Eugene Shnayderman, Associated Sales and Leasing, Inc., and Associated Holding Enterprises, LLP appeal from the April 24, 2019 denial of their motion to vacate default and entry of final judgment, jointly and severally, against all defendants. Judgment was entered in favor of plaintiff Sahil Patel in the sum of $83,999.94 and in favor of plaintiff Joseph Kalamaras in the amount of $235,260.23. We affirm, substantially for the reasons set forth in Judge Vincent LeBlon's thoughtful oral opinion.

It is undisputed that Shnayderman, as the Managing Director of defendant American Exchange Loans, LLC (AEL), executed numerous promissory notes with plaintiffs in exchange for loans to AEL. Shnayderman advised he needed the loans to be able to offer automobile loans to consumers. Shnayderman and Kalamaras signed the first promissory note on December 15, 2015, when Kalamaras loaned AEL $150,000. The second and third promissory notes were signed by Shnayderman and Kalamaras based on AEL receiving two additional loans for $10,000 and $35,000, respectively. A fourth promissory note was

2                                    A-3789-18T3

signed by Shnayderman and Patel on January 15, 2018, in conjunction with another loan to AEL for $80,000. Each note outlined the terms and conditions of repayment of principal and interest.

AEL and Shnayderman breached the terms of the notes by failing to make the required principal and interest payments. Accordingly, plaintiffs filed a verified complaint against defendants on December 31, 2018. Plaintiffs alleged that contrary to Shnayderman's representations, the loan proceeds were not used solely for automobile loans to consumers, but instead were used for personal expenses, including acquisition of a property. Further, plaintiffs alleged defendants failed to timely pay the principal and interest payments due. Plaintiffs contended AEL used some of the monies from its first loan to purchase a residence on Harding Avenue in Perth Amboy and that AEL fraudulently transferred ownership of this property to Shnayderman for the sum of one dollar.

Plaintiffs also filed a notice of lis pendens on the Harding Avenue property in January 2019, seeking to enjoin its sale; alternatively, they requested an order escrowing any sale proceeds pending resolution of their litigation.

Defendants failed to timely answer the complaint and plaintiffs requested the entry of default on February 14, 2019. A second request to enter default was filed on March 8, 2019 when no action was taken on the first request.

A-3789-18T3

Defendants filed an order to show cause to set aside the lis pendens; plaintiffs countered with an order to show cause to enjoin the sale of the Harding Avenue property.

On March 8, 2019, counsel for Shnayderman and plaintiffs agreed to withdraw their respective applications based on a representation by Shnayderman's attorney that defendants would file an answer to the complaint by March 15, 2019. Shnayderman's attorney further represented that Shnayderman would escrow proceeds from the sale of the Harding Avenue property until the matter was resolved. In exchange, plaintiffs agreed to vacate their request for default against all defendants. Also, on March 8, plaintiffs' counsel reviewed the terms of the parties' resolution on the record, including the extended filing date for defendants' answer. In response, defense counsel confirmed her adversary's representations fully covered the parties' agreement and were consistent with her understanding. Judge LeBlon executed a March 15, 2019 order reflecting the terms of the parties' March 8 oral agreement.

Contrary to this order, defendants did not file an answer by March 15, 2019. At plaintiffs' request, a third default was entered against defendants on March 19, 2019. On April 2, 2019, defendants moved to vacate default and to extend the time to answer. Plaintiffs opposed this motion and cross moved for

4

counsel fees. Judge LeBlon heard oral argument on the competing motions on April 24, 2019. An attorney for Shnayderman who did not appear at the March 8 hearing acknowledged that defendants missed the March 15, 2019 filing date for their answer. He advised the agreed-upon deadline resulted from a "miscommunication" with Shnayderman. Thus, counsel opted to delay filing the answer until he could meet with Shnayderman to review it. Defense counsel did not seek permission from the trial court or plaintiffs' consent to extend the filing date.

During oral argument, Judge LeBlon questioned why the proposed answer could not have been transmitted electronically to Shnayderman. The judge also remarked that "the initial answer was due back in February," and he had no certification from the defense to explain why the latest filing deadline was not met. Moreover, the judge stated, "it appears to the [c]ourt at this point that this is a . . . delay technique that . . . the initial complaint was not answered." Lastly, the judge determined he did not have to address the issue of defendants' purported meritorious defense, but based on the parties' presentations, he observed, "there does not appear to be a meritorious defense." Accordingly, Judge Leblon denied defendants' motion to vacate default for lack of good cause.

A-3789-18T3

On appeal, defendants argue "good cause" existed for vacating default and the trial court erred by failing to consider the "precedent and public policy favoring adjudication on the merits over procedural dismissals." We are not persuaded.

We review the denial of a motion to vacate default based on an abuse of discretion standard. See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). Per Rule 4:43-3, a court may vacate the entry of default upon "good cause shown." "[T]he requirements for setting aside a default under Rule 4:43-3 are less stringent than . . . those for setting aside an entry of default judgment under Rule 4:50-1." N.J. Mfrs. Ins. Co. v. Prestige Health Grp., LLC, 406 N.J. Super. 354, 360 (App. Div. 2009). "[G]ood cause . . . requires the exercise of sound discretion by the court in light of the facts and circumstances of the particular case." O'Connor v. Altus, 67 N.J. 106, 129 (1975) (citation omitted).

In considering whether good cause exists, a judge generally considers the movant's "absence of any contumacious conduct" and the presence of a meritorious defense. Ibid. As with a motion to vacate a default judgment, there is no point in setting aside an entry of default if the defendant has no meritorious defense. "The time of the courts, counsel and litigants should not be taken up by such a futile proceeding." Guillaume, 209 N.J. at 469 (citation omitted).

We are satisfied Judge LeBlon properly found defendants failed to meet the good cause standard to vacate default. Indeed, almost four months after the complaint was filed and default was entered twice, none of the defendants offered a certification to address their delay in filing an answer. At oral argument, the only explanation offered to Judge LeBlon for defendants missing their filing deadline was that a miscommunication occurred between defense counsel and one of the defendants, namely, Shnayderman, who could not be timely reached to file an answer. As the judge noted, no explanation was given for why this defendant could not be contacted electronically. The judge also rejected defense counsel's position that the delay was justified based on a need for defendants' proposed answer to be verified. We note the record offers no reasonable basis for why the other defendants missed the filing deadline.

Under these circumstances and considering our deferential standard of review, we perceive no basis to disturb Judge LeBlon's denial of defendants' motion to vacate default, nor the judge's contemporaneous entry of final judgment. To the extent we have not addressed defendants' remaining arguments, we conclude they are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-3789-18T3