**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2689-19

OPEN EYE INNOVATORS,
LLC,

     Plaintiff-Respondent,

v.

PHILADELPHIA
CONTRIBUTIONSHIP
INSURANCE COMPANY,

     Defendant,

and

SHARON DAVIS, individually,

     Defendant-Appellant.

_____

Submitted May 5, 2021 – Decided May 26, 2021

Before Judges Vernoia and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7777-19.

Sharon Davis, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

Defendant Sharon Davis appeals from a February 14, 2020 order dismissing her counterclaim against plaintiff Open Eye Innovators, LLC. Defendant claims the order should be reversed because the court failed to consider her timely-filed opposition and did not make the findings of fact and conclusions of law required by Rule 1:7-4(a). Persuaded by defendant's arguments, we vacate the dismissal order and remand for further proceedings.

For purposes of addressing the issues raised on appeal, we briefly summarize the parties' allegations and the procedural history leading to the entry of the court's order. Plaintiff is a licensed home improvement contractor. Defendant contracted with plaintiff to repair fire damage to her home. Following a dispute about plaintiff's work and payments allegedly due plaintiff under the contract, defendant filed a complaint with the New Jersey Division of Consumer Affairs. Plaintiff and defendant later entered into an agreement to resolve their respective claims in binding arbitration. An arbitrator subsequently ordered defendant to arrange with her insurance carrier for a final inspection of her home and cooperate with the carrier in releasing funds to plaintiff if the carrier found plaintiff's work satisfactory.

A-2689-19

Plaintiff subsequently filed a Law Division complaint against defendant and her homeowner's insurance carrier, defendant Philadelphia Contributionship Insurance Company (PCIC), seeking a declaratory judgment that plaintiff "is entitled to receive . . . $12,856.55 in recoverable depreciation" under defendant's homeowner's insurance policy and requesting that PCIC "pay to [p]laintiff the sum of $12,856.55 as recoverable [depreciation] in full and final satisfaction of [p]laintiff's final outstanding invoice."[1]

PCIC moved to dismiss the complaint pursuant to Rule 4:6-2(e) "in [l]ieu of an [a]nswer." The court granted PCIC's motion.

Defendant filed an answer and affirmative defenses to the complaint. She also filed a counterclaim asserting a putative fraud and misrepresentation cause of action and seeking $113,283.94 in compensatory damages and unspecified punitive damages. In its answer to the counterclaim, plaintiff asserted the court lacked personal and subject matter jurisdiction because the counterclaim was "completely resolved by way of [the] binding arbitration and decision."

Plaintiff later moved to dismiss the counterclaim pursuant to Rule 4:6-2(a) and (e), arguing the court lacked subject matter jurisdiction, and defendant's

---

[1] We refer to the allegations in plaintiff's amended complaint. The original complaint is not included in the record on appeal.

cause of action was barred under the doctrines of res judicata and collateral estoppel, because the parties fully litigated defendant's claim in arbitration. Plaintiff submitted a certification from one of its members supporting the motion, and nine exhibits, including the parties' signed arbitration agreement, the parties' respective statements of facts submitted to the arbitrator, and the arbitrator's decision. Plaintiff waived oral argument on its motion, and it appears the court decided the motion on the papers.

In a February 14, 2020 order, the court granted plaintiff's motion and dismissed defendant's counterclaim. The court's determination is untethered to any findings of fact or conclusions of law, and the order states the motion was "UNOPPOSED."[2]

Defendant appealed from the February 14, 2020 order. In her case information statement, which she filed as a self-represented litigant, defendant acknowledged claims remain pending before the trial court. Although her case information statement also indicates the trial court certified the dismissal order

---

[2] The order also does not "indicate whether [the court's] findings and conclusions were written or oral and the date on which they were rendered" as required by Rule 1:6-2(f).

A-2689-19

as final in accordance with Rule 4:42-2, the record on appeal does not include an order to that effect.[3]

Prior to addressing defendant's arguments on appeal, we first note the February 14, 2020 order "is not a final order subject to appeal as of right" under Rule 2:2-3(a)(1) because all claims in the case have not "been resolved by motion or entry of a judgment following a trial." Silviera-Francisco v. Bd. of Educ. of Elizabeth, 224 N.J. 126, 136 (2016). "Generally, an order is considered final if it disposes of all issues as to all parties." Ibid. The February 14, 2020 order is not final; plaintiff's affirmative claims in its complaint against defendant remain pending before the trial court.[4]

Where, as here, a party erroneously files a direct appeal from an interlocutory order, "upon good cause shown and an absence of prejudice, we may '[g]rant leave to appeal as within time from [the] interlocutory

---

[3] The trial court could not properly certify the February 14, 2020 order as a final order pursuant to Rule 4:42-2 because the order is not "subject to process to enforce a judgment pursuant to [Rule] 4:59 if it were final," Grow Co. v. Chokshi, 403 N.J. Super. 443, 458-59 (App. Div. 2008) (quoting Janicky v. Point Bay Fuel, Inc., 396 N.J. Super. 545, 550 (App. Div. 2007)), and it does not "fit[] one of the three grounds for certification expressly identified in" Rule 4:42-2, ibid.

[4] The record on appeal does not include an order addressing or disposing of plaintiff's affirmative claims for declaratory relief against defendant.

order, . . . provided that the appeal was in fact taken within the time for appeals from judgments, decisions[,] or actions.'" N.J. Mfrs. Ins. Co. v. Prestige Health Grp., LLC, 406 N.J. Super. 354, 359 (App. Div. 2009) (first alteration in original) (quoting R. 2:4-4(b)(2)). Defendant filed her appeal within the time for appeals from final judgments, and plaintiff did not move to dismiss the appeal as interlocutory, file a brief in opposition to defendant's merits brief, or demonstrate any prejudice resulting from the filing of defendant's notice of appeal. Under such circumstances, and because we find merit to defendant's claim the court erred by failing to consider her opposition to plaintiff's motion and failing to make findings of fact and conclusions of law supporting its dismissal order, we exercise discretion and grant defendant leave to appeal from the court's interlocutory order. See ibid. We therefore address the merits of defendant's arguments.

Plaintiff moved to dismiss the counterclaim under Rule 4:6-2(a) and (e). The court's terse dismissal order, however, does not identify the provision(s) of the Rule upon which the dismissal was based or include any findings of fact or conclusions of law supporting its determination. See R. 1:7-4(a). The absence of any findings of fact and conclusions of law precludes both the litigants and this court from determining whether the motion court dismissed the

6

counterclaim pursuant to Rule 4:6-2(e) based purely on a review of the pleadings, or whether the court considered materials outside of the pleadings and, as a result, actually granted plaintiff summary judgment on the counterclaim.[5] See Roa v. Roa, 200 N.J. 555, 562 (2010) (explaining a motion to dismiss under Rule 4:6-2(e) "must be based on the pleadings themselves" and that where "the motion [is] based upon evidence . . . outside of the pleadings," it shall be treated as a motion for summary judgment); see also R. 4:6-2.[6]

"We have stated repeatedly that a motion judge fails to discharge a primary function when findings of fact and conclusions of law are omitted." Twp. of Parsippany-Troy Hills v. Lisbon Contractors, Inc., 303 N.J. Super. 362, 367 (App. Div. 1997) (first citing R. 1:6-2(f); then citing R. 1:7-4; and then citing Curtis v. Finneran, 83 N.J. 563, 570 (1980)). The absence of findings of fact and conclusions of law "deprives the litigants and this court of the benefit

---

[5] As noted, plaintiff's motion to dismiss the counterclaim was supported by a detailed certification and numerous documents.

[6] If a motion court relies on materials outside of the pleadings to dismiss a counterclaim under Rule 4:6-2(e), it must address the motion as one for summary judgment in accordance with the requirements of Rule 4:46, Roa, 200 N.J. at 562, including that it provide the parties with "reasonable notice of the court's intention to treat the motion as one for summary judgment and a reasonable opportunity to present all material pertinent to such a motion," R. 4:6-2.

of the motion judge's legal analysis." Ibid. Here, the lack of findings of fact and conclusions of law also renders it impossible for this court to provide a reasoned analysis of the court's dismissal of defendant's counterclaim. See, e.g., Est. of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301-02 (App. Div. 2018) (explaining even where an appellate court conducts a de novo review of an order, the court's "function . . . is to review the decision of the trial court, not to decide the motion tabula rasa"); see also Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986) (explaining a trial court "must state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying [those] conclusion[s]" (citation omitted)).

Additionally, the court erred by granting the dismissal motion without considering defendant's opposition papers. In the appendix on appeal, defendant includes the cover page of her pro se "MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF['S] . . . MOTION TO DISMISS." It is marked as filed by the court on February 7, 2020, seven days prior to the court's entry of the February 14, 2020 dismissal order. Plaintiff's opposition papers were filed one day beyond the time required by Rule 1:6-3(b), but "[i]t is a mistaken exercise of judgment to close the courtroom doors to a litigant whose opposition

papers are late but are in the court's hands before the return day for a motion which determines the meritorious outcome of a consequential lawsuit." Tyler v. N.J. Auto. Full Ins. Underwriting Ass'n, 228 N.J. Super. 463, 468 (App. Div. 1988). The court should have considered defendant's opposition papers, but it did not. The February 14, 2020 order erroneously states plaintiff's motion was unopposed. The court's failure to consider defendant's opposition to plaintiff's dismissal motion was in error.

We therefore vacate the February 14, 2020 order dismissing the counterclaim and remand for reconsideration of the motion. On remand, the court shall consider defendant's opposition papers, hold such hearings or oral argument as required in accordance with the applicable rules, and comply with the requirements of Rule 4:46-2, to the extent they may be applicable. The court's determination on the motion shall be supported by appropriate findings of fact and conclusions of law.

We do not express any opinion on the merits of plaintiff's motion. The motion shall be reconsidered and decided by the court based on the record presented.

Vacated and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-2689-19