**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1025-24

KELLY WHALEN,

    Plaintiff-Respondent,

v.

ONE DAY FLOORS, LLC,
BOGDAN POP,

    Defendants-Appellants.

_____

Submitted November 13, 2025 – Decided December 19, 2025

Before Judges Smith and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. SC-000789-24.

Pender & Strickland, LLC, attorneys for appellants (Teddy C. Strickland, Jr., on the brief).

Kelly Whalen, self-represented respondent.

PER CURIAM

Defendants One Day Floors and Bogdan Pop appeal a trial court order denying their motion to vacate the default entered against them. Having reviewed the record and the applicable legal principles, we reverse and remand this matter for trial.

I.

In May 2024, plaintiff hired defendants to restore and to coat her outdoor patio for a contract price of $3,593.44. She paid a deposit of $1,700. Work on the patio commenced in July 2024. Upon beginning the job, defendants issued an invoice to the plaintiff for the outstanding balance of $1,719.76. The work was completed in August of that year. Plaintiff contacted the defendants after the project was finished to express concern regarding the quality of the work. Defendants inspected the job, concluded the work was completed satisfactorily, and notified plaintiff that nothing more was required under the contract. In September, plaintiff sued defendants and sought to recover $5,000 in damages alleging the patio required demolition and reconstruction because of defendants' substandard performance.

Trial was scheduled for November 6, 2024. Defendants' counsel requested an adjournment because of a prior travel obligation of the individual defendant. The court granted the request and rescheduled the matter for

2

November 20, 2024.  On November 13, 2024, defense counsel requested a second adjournment because of a previously scheduled business trip. Counsel's office attempted over the following days to contact the court to confirm whether the second adjournment request had been considered.  Then, in the late afternoon on November 19, 2024, the court denied the second adjournment and maintained the trial date for the following day.  Counsel, learning of the denial shortly before boarding his flight, could not arrange for substitute counsel, and, rather, sought permission to appear remotely at the trial.  He received no response from the court.  After defense counsel and defendants failed to appear for trial, the court entered default against defendants.

On November 26, 2024, defendants moved to vacate the default.  At oral argument on the motion, defense counsel argued his office had attempted to contact court staff several times during the week preceding the November 20 trial date and supported those contentions with an affidavit from a staff member.

The court noted counsel had "presumptively assumed that [the trial] was going to [be] adjourned [for a second time]," and explained, "he had [one]

A-1025-24

adjournment, . . . asked for another adjournment, [and] didn't get any feedback, . . . [b]ut that mean[t] at the minimum he kn[ew] that [he had] a trial."

The trial judge denied the motion and concluded:

> "I really don't see good cause [to vacate default].  At the minimum if you [request] an adjournment . . . and you didn't hear anything . . . [t]hat's not to say that it was granted, that's to say that you didn't hear anything.  So, then . . . you would call the court, and say what's the status, [be]cause I [have] a trial, and I [have] a trip, you know what I mean."

Defendants appealed.  On January 22, 2025, the trial court denied defendants' request to reconsider its December 11, 2024 order.  The clerk entered a default judgment in the amount of $5,000 against defendants on February 7, 2025.

The December 11, 2024 order from which this appeal is taken reads that the trial court denied defendants' motion to vacate the default judgment. However, at the time of the motion, judgment had not yet been entered.  We limit our analysis, therefore, to the propriety of the decision to deny the request to vacate the default only

## II.

Our standard of review of an order denying a motion to vacate an entry of default is deferential.  See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J.

449, 467 (2012). Under Rule 4:43-3, a court may vacate the entry of default upon a showing of "good cause." This is a notably more lenient standard than that applied to motions to vacate a default judgment. "[T]he requirements for setting aside a default under Rule 4:43-3 are less stringent than for those setting aside the entry of a default judgment under Rule 4:50-1." N.J. Mfrs. Ins. v. Prestige Health Grp., 406 N.J. Super. 354, 360 (App. Div. 2009) (citing Bernhardt v. Alden Cafe, 374 N.J. Super. 271, 277 (App. Div. 2005)).

Finding good cause requires the court to exercise "sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the [] [r]ule being applied." Estate of Semprevivo by Semprevivo v. Lahham, 468 N.J. Super. 1, 14 (App. Div. 2021) (quoting Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007)).

In considering whether good cause exists, a trial court should generally consider the movant's "absence of any contumacious conduct" and "the presence of a meritorious defense." O'Connor v. Altus, 67 N.J. 106, 129 (1975). The showing of a meritorious defense is a traditional element necessary for setting aside both a default and a default judgment. Ibid. As with a motion to vacate a default judgment, there is no point in setting aside the entry of a default if the defendant has no meritorious defense.

A-1025-24

We are mindful of our long-standing public policy that "whenever possible, litigation should be resolved on the merits rather than on procedural violations." Tr. Co. of N.J. v. Sliwinski, 350 N.J. Super. 187, 192 (App. Div. 2002).

In light of these principles, we are persuaded the trial court should have exercised its discretion differently and granted defendant's motion to vacate the default. We first make clear that counsel bears responsibility to persist in communicating with the court, and should not presume an adjournment has been granted. Counsel must exhaust all available avenues to obtain a timely answer to any adjournment request. That said, we recognize the practical difficulties that can arise in such situations.

Here, when defense counsel learned the adjournment request had been denied just as he was about to board a plane for a pre-planned business trip, he was confronted with an unexpected and challenging predicament. At that moment, it would have been extremely difficult, if not outright impossible, to secure substitute counsel who was sufficiently familiar with the case or available to appear on such short notice. The trial court should have considered the time constraints and logistical hurdles of the moment, along with the ethical duties counsel owed to the court and to his client.

A-1025-24

From a substantive standpoint, upholding the trial court's decision to refuse to vacate the default would have unjust consequences for the defendants. It would deprive them of the opportunity to fully present their defense, specifically their claims the contracted work was fully and adequately performed in accordance with the contract terms. Fundamental fairness and the interests of justice require that all litigants be afforded a fair opportunity to contest the claims brought against them, particularly where there is a bona fide dispute regarding the performance of contractual obligations. Denying the motion to vacate under the circumstances presented in this case would not only result in a forfeiture of potentially meritorious defenses but would also undermine confidence in the adjudicative process.

Since we find good cause existed under Rule 4:43-3 to vacate the default, we reverse the trial court's order denying defendant's motion to vacate default. We also vacate the order for judgment in favor of plaintiff, and remand for trial on the merits.

We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

7                                                          A-1025-24